J. O. CARR AND J. D. WORTHINGTON, RECEIVERS, v. ALEXANDER & GARSED.

(Filed 20 October, 1915.)

**1. Evidence—Vendor and Purchaser—Verified Account—Prima Facie Case.**

An itemized account purporting to be for goods sold and delivered to the defendant introduced in evidence, in an action to recover the purchase price, and duly sworn to, is competent, and raises a *prima facie* case as to the amount thereby appearing to be due. Revisal, sec. 1625.

**2. Vendor and Purchaser—Evidence—Prima Facie Case—Principal and Agent —Accounting—Burden of Proof.**

Where a *prima facie* case has been made out by the plaintiff, in his action to recover the purchase price of goods sold and delivered to the defendant, and the latter contends that he, as the agent for the former, was to sell upon commission, and that he had accounted for such sales, except a small balance which he tendered, or offered to submit to judgment for that amount, the burden is upon the defendant to show the fact of agency, and of accounting thereon, which is for the determination of the jury upon the question of indebtedness.

**3. Trials—Issues—Forms.**

Where the issue submitted by the court clearly presents the issuable facts in an action, the form thereof is immaterial.

APPEAL by defendant from *Peebles, J.,* at the March Term, 1915, of SAMPSON.

Civil action tried upon the following issue:

1. What amount, if anything, are the defendants indebted to plaintiffs? Answer: "$2,534.76, with interest from 7 November, 1913, at six per cent."

From the judgment rendered, the defendant appealed.

*Butler & Herring for the plaintiffs.*
*Thomas W. Alexander for the defendant.*

BROWN, J.   The plaintiffs offer in evidence a duly verified statement of account for certain merchandise alleged to have been sold by the plaintiffs as receivers of the Coharie Lumber Company to the defendant, consisting of thirteen items, including boilers, belts, dry-kiln trucks, planer, knife-grinder, engine, drill, forge, etc., etc., and rested their case.

This account is duly sworn to and itemized and purports to be an account for goods sold and delivered by the plaintiffs as receivers to the defendants.   The account was offered in evidence under section 1625 of the Revisal.   It was not objected to by the defendants, but its probative force is challenged by prayer for instruction.   We are of opinion that the account under the statute was *prima facie* evidence of the correctness of the plaintiff's claim, and that it is made out in accordance with the requirements of Revisal, section 1625.   *Knight v. Taylor,* 131 N. C., 84; *Claus v. Lee,* 140 N. C., 552.

We think, therefore, that his Honor very properly admitted it as *prima facie* evidence of the truth of the allegations of the complaint. The defendants in their answer denied that they purchased the machinery, claiming that during the period mentioned in the complaint they acted as the agents of the plaintiffs for the sale of the machinery upon a commission of ten per cent, and that they have fully accounted for and paid over to the plaintiffs the entire proceeds thereof with the exception of a certain note and an open account.

It is manifest that the burden was upon the defendants to prove their plea of agency and that they had accounted to the plaintiffs in due course.   According to the record, the only evidence offered by the defendant is a check for $306.16, drawn by the defendants in favor of John D. Worthington, receiver, and also a portion of a letter signed by the plaintiffs, tending to prove that the defendants were acting as their agents in the sale of this machinery.   But the defendants offer no evidence as to what machinery had been sold by them, how much they had received for it, how much remained on hand, and how much they had paid over to the plaintiffs.   In this condition of the evidence, there was nothing to show that the defendants had fully accounted, as the agents

of the plaintiffs, or had paid over the proceeds of the sale of the machinery. The defendants tendered into court $137.69 and offered to allow judgment against them for this amount. His Honor very properly submitted the case to the jury upon the issue of indebtedness.

The defendants tendered certain issues as to whether the defendants were the agents of the plaintiffs in the sale of the machinery which his Honor declined to submit. This controversy could very well have been considered by the jury under the issue as submitted by the court. The form of issues is of little consequence, if the material facts at issue. are clearly presented by them. *Paper Co. v. Chronicle,* 115 N. C., 147; *Fleming v. R. R.,* 115 N. C., 676.

The defendants assign error because his Honor, in his charge, conveyed an expression of opinion "highly adverse and detrimental to the defendants."

We have examined the charge of his Honor with care, and we do not think it is justly subject to such criticism. The case was one almost entirely of fact, and the only evidence offered was a verified account with the plaintiffs and the check and a part of a letter heretofore mentioned by the defendants.

We think his Honor properly presented the matter to the jury.

Affirmed.