W. R. MANN v. W. J. ARCHBELL ET AL.

(Filed 19 September, 1923.)

1. **Boundaries—Proceedings to Establish—Statutes—Clerks—Judgments —Exceptions—Courts—Jurisdiction Appeal.**

   Upon petition to the clerk to establish the true boundaries between the adjoining owners of land, under the provisions of the statute, the clerk is required to order a survey by the county surveyor and that the surveyor make a report thereof with a map, the clerk to determine the true location, with judgment: *Held*, on appeal the cause was then jurisdictional in the Superior Court, and objection by appellant is untenable that the cause was not properly there, on the ground that appellee, having excepted, had not appealed in due time from the clerk's judgment, the only question being whether the line had been run in accordance with the clerk's order. As to whether the clerk should have heard appellant's exceptions is not presented upon the facts of this case.

2. **Issues.**

   Issues are sufficient when they present to the jury proper inquiries as to all the essential matters or determinative facts in dispute.

3. **Boundaries—Proceedings to Establish—Statutes—Burden of Proof.**

   The burden is on the plaintiff to show by the greater weight of the evidence that the true divisional line is the one he claims it to be, in proceedings originating before the clerk and appealed from, to determine it under the provisions of the statute.

APPEAL by plaintiff from *Kerr, J.*, at January Term, 1923, of EDGECOMBE.

Civil action to establish a boundary line.

Paragraph four of the complaint is as follows:

"That the plaintiff desires to establish the boundaries of a portion of the said tract of land which are in dispute, as follows: Beginning at a white oak, Sarah Arrington and William Archbell's corner; thence continuing up said branch S. 62 degrees W. 25 poles to a pine, said Archbell's corner; thence N. 67 degrees W. 167 poles to a post oak (now a rock), corner of said land and Henry Whitley's in said Archbell's line."

The defendants filed an answer admitting that the boundary was correctly described by the plaintiff and agreeing that it should be established as the true boundary "if correctly and properly run." The clerk then made an order directing the county surveyor to run and mark the dividing line and to file a map and make a report of his proceeding. The surveyor made a report in which he said that the white oak was 28 feet from the center of the branch, and in a separate paper notified the clerk that he was unable to begin at a white oak on the branch.

The defendants filed exceptions to the report on the ground that the line was not run from the true beginning corner and that the boundary therefore was. not properly located. The clerk transferred the cause to the civil docket and at the trial the plaintiff insisted that the only question was whether the line had been run in accordance with the clerk's order and that the exceptions should be dismissed, the defendants not having appealed in due time from the clerk's order. Upon denial of his motion the plaintiff tendered this issue which the court declined to submit: "Did B. J. Downey, surveyor appointed by the clerk to run and mark the line directed by the clerk under the order of 12 November, 1920, run and mark the line as he was directed to do?" The jury answered the issue submitted as follows: "What is the true boundary line between the plaintiff's and defendants' land?" "D E C appears on map."

To the several rulings and to a portion of the charge the plaintiff duly excepted. Judgment was rendered on the verdict and the plaintiff appealed.

*Thorne & Thorne for the plaintiff.*
*Manning & Manning and Finch & Vaughan for the defendants.*

ADAMS, J. The clerk's appointment of the surveyor, with instructions to make a report of his proceeding, was dated 12 November, 1920; the survey was made 25 June, 1922; the report was filed 29 September, 1922. On the day the report was returned, the defendants entered of record written exceptions thereto, on the ground that the line as run by the surveyor was improperly located, and the clerk transferred the case to the civil docket for trial by a jury. The plaintiff argues here that the cause was not properly constituted in the Superior Court; that the clerk defined the true boundary line; and as the defendant did not appeal from his order, the one question is whether the surveyor obeyed the instruction. To this argument we are unable to assent.

The statute provides that the owner shall file his petition, under oath, stating therein facts sufficient to constitute the location of the line as

claimed by him; . . . and if the defendants fail to answer, judgment shall be given establishing the line according to the petition; but if the answer deny the location as set out in the petition, the clerk shall issue an order to the county surveyor . . . to survey said line, or lines, according to the contention of both parties, and make a report of the same, with a map, . . . and the cause shall then be heard by the clerk upon the location of said line, or lines, and judgment given determining the location thereof.

The plaintiff contends that the beginning corner of the disputed boundary is at a white oak situated 28 feet from the center of the branch, and that the true location of the line is represented on the plat by A B C; and the defendants contend that the beginning is at a white oak which formerly stood in the branch, the location of the line being as represented by D E C. On the trial there was evidence in support of each contention.

The complaint describes the disputed boundary, but contains no definite allegation as to the location of the white oak or the line. The answer admits the description, and alleges that if the line is properly located it will be found that the acts of which the plaintiff complains were committed by the defendants on their own land. So the question of location was not definitely presented until the defendants filed their exceptions to the surveyor's report. Whether the clerk should have heard the exceptions and determined the location, we need not now consider; for, after the cause was transferred to the civil docket, the Superior Court had jurisdiction to hear and determine all matters in controversy. C. S., sec. 637; *Roseman v. Roseman,* 127 N. C., 497; *Wooten v. Cunningham,* 171 N. C., 123; *Ryder v. Oates,* 173 N. C., 569; *In re Stone,* 176 N. C., 337.

His Honor properly declined to submit the issue tendered by the plaintiff. The clerk directed the running and marking of the line, but not its location. Moreover, a categorical answer to this issue would not have determined the controversy. The issue submitted enabled the parties to present the various phases of the evidence relating to the location, and the plaintiff on this score has no just cause of complaint. Issues are sufficient when they present to the jury proper inquiries as to all the essential matters or determinative facts in dispute. *Power Co. v. Power Co.,* 171 N. C., 248; *Carr v. Alexander,* 169 N. C., 665; *Roberts v. Baldwin,* 155 N. C., 276.

The instruction as to the burden of proof was free from error. The plaintiff claimed the true location of the dividing line to be as represented on the plat by the letters A B C, and it was incumbent upon him to establish his contention by the greater weight of the evidence. *Tillot-*

*son v. Fulp,* 172 N. C., 500; *Garris v. Harrington,* 167 N. C., 86; *Woody v. Fountain,* 143 N. C., 66. Of course, the location of the line was peculiarly a question for the jury.

As none of the exceptions can be sustained, the judgment is

Affirmed.