J. LONDON AND SOLOMON ROBINOWITZ, EXECUTORS OF JOSEPH ARLICH, DECEASED, ET AL. v. CHAIM PELCHENAN, TRUSTEE, ET AL.

(Filed 22 January, 1930.)

**Wills E i—Executor may bring action for construction of will by the court.**

The courts of the State have jurisdiction to hear and determine an action to construe a will, and the construction of the will may be given by the court in caveat proceedings after the determination of the validity of the will in favor of the propounders.

APPEAL by plaintiff from *Moore, J.,* at August Term, 1929, of GUIL-FORD. Affirmed.

This action was begun in the Superior Court of Guilford County.

Plaintiffs, upon the facts alleged in their complaint, pray for the advice of the court with respect to the performance of their duties in the administration of the estate of their testator.

From judgment approving a contract which the plaintiffs propose to enter into with the heirs at law and distributees of their testator, in settlement of their claims against said estate, and otherwise advising and approving the conduct of the plaintiffs, in the performance of their duties, plaintiffs appealed to the Supreme Court.

*D. C. MacRae, Gold & York and Frazier & Frazier for plaintiffs.*
*R. M. Robinson and S. J. Stern for defendant.*

CONNOR, J. Joseph Arlich died 15 September, 1925. A paper-writing was thereafter probated in common form as his last will and testament by the clerk of the Superior Court of Guilford County, North Carolina. By his said last will and testament the said Joseph Arlich devised and bequeathed all his property, real and personal, to the trustee named therein, to be held and disposed of by said trustee in accordance with the terms and provisions of the trust created by the said Joseph Arlich in his said last will and testament. No part of his property was devised or bequeathed in said last will and testament to persons who are his heirs at law or distributees. The executors named in said last will and testament have qualified for the performance of their duties and are now engaged in the administration of the estate of their testator.

Serious questions have been raised by persons who claim to be the heirs at law and distributees of the estate of Joseph Arlich, deceased, touching the validity of said last will and testament, and also affecting its construction. The executors and the testamentary trustee have entered into negotiations with such persons, and have agreed, subject to the approval of the court, upon a settlement of these questions. This settlement has been reduced to writing and in this action is submitted to the court for its approval. The defendants in this action are all the beneficiaries of the trust created by the will, and all the heirs at law and distributees of the testator. The court upon consideration of the facts found by it, rendered judgment approving the settlement made by the executors with the heirs at law, and distributees of their testator, and also approving the administration of the estate by the executors involved in said settlement.

The only question presented on the appeal of plaintiffs to this Court is whether the court has jurisdiction of the action. This question is

answered in the affirmative upon the authority of our decision in *Trust Co. v. Lentz,* 196 N. C., 398, 143 S. E., 776. In that case it is said: "The right of the plaintiff to bring this action and to seek the advice of the court on an existing state of facts, upon which a decree or some directions in the nature of a decree may be founded, is supported by a number of decisions, notably *Balsley v. Balsley,* 116 N. C., 472, 21 S. E., 594; *Tyson v. Tyson,* 100 N. C., 360, 6 S. E., 707; *Little v. Thorne,* 93 N. C., 69, and *Tayloe v. Bond,* 45 N. C., 5.

We have read the judgment rendered in this action. It is well considered, and is in all respects

Affirmed.