FIRST NATIONAL BANK OF HENDERSON, IN BEHALF OF ITSELF AND ALL OTHER CREDITORS OF S. M. BLACKNALL, WHO MAY BECOME PARTIES AND JOIN IN THIS ACTION, AND CONTRIBUTE TO THE EXPENSE THEREOF, v. J. P. ZOLLICOFFER, TRUSTEE, MRS. GLADYS PEGRAM AND CHARLES H. BLACKNALL.

(Filed 22 October, 1930.)

**Executors and Administrators D g—Where sole devisee mortgages lands devised, mortgagee may foreclose subject to rights of creditors.**

Where the sole devisee of a testator qualifies as administratrix of the estate and, before the expiration of the two years for settlement of the estate, executes a deed of trust on the land devised to secure notes alleged to have been given to procure the withdrawal of caveat proceedings, the deed of trust is not absolutely void, C. S., 76, but is good as between the parties for what interest the devisee has in the land, and the *cestui que* trust has the legal right to have the trust deed foreclosed according to its terms, subject to the right of the creditors of the estate to have the title divested if the estate is insolvent, and the creditors may not enjoin the foreclosure proceedings upon equitable grounds.

APPEAL by Charles H. Blacknall, from *Devin, J.*, at June Term, 1930, of VANCE. Reversed.

Plaintiffs are creditors of the estate of S. M. Blacknall, who died in April, 1929. He was the owner of a nursery, known as the "Continental Plant Company," of Kittrell, N. C. He left the following will:

Kittrell, N. C., 29 March, 1929.

"I, S. M. Blacknall, being of sound and undivided mind, do hereby give and bequeath to my good friend, Mildred W. Purvis, all worldly and earthly goods which I possess or may become possessed.

"S. M. BLACKNALL.

"Witness: A. P. NEWCOMB,
         STELLA H. CULPEPPER."

This will was duly probated in Vance County. Mildred W. Purvis qualified as administratrix of the estate of S. M. Blacknall, with the will annexed, before the clerk of the Superior Court of Vance County, on 23 April, 1929.

S. M. Blacknall was indebted to plaintiff bank and others. The inventory of the administratrix showed assets, real and personal property valued at $201,098.94, less bad accounts $4,292.81, making a total of $196,806.13; liabilities, notes, mortgages and interest $100,818.60, bills payable $23,536.20, total $124,345.20.

A caveat to the will of S. M. Blacknall was filed by his sister, Gladys Pegram, and Charles H. Blacknall, a nephew, the child of a deceased brother.

Among the numerous allegations made by plaintiffs were: "In order to effect the withdrawal of this caveat, the administratrix paid to Gladys Pegram and Charles H. Blacknall, out of the funds of the estate of S. M. Blacknall, the sum of $10,000 in cash, and executed a deed of trust as the sole devisee under the will, to J. P. Zollicoffer, trustee, in sixteen parcels of land in and around Kittrell, in which the said trust for the most part, by reference to the deeds from vendors to the late S. M. Blacknall, attempting to secure the payment of $10,000. Said deed appears of record in Book 155, page 58 of Vance County. . . . The plaintiff is informed, believes and alleges that the payment of $10,000 to the defendants, Gladys Pegram and Charles H. Blacknall, referred to in paragraph 8 of this complaint, was unlawful and a grievous wrong to the creditors of the late S. M. Blacknall, who are unpaid, and that the parties receiving the same should be required in law, equity and good conscience to return the same to the administratrix for their benefit."

The defendant, J. P. Zollicoffer, trustee for Gladys Pegram and Charles H. Blacknall, on account of default in paying of the $10,000 on the part of Mildred W. Purvis, advertised the sixteen parcels of land to be sold at public auction at 12 o'clock noon, on Monday, 16 June, 1930, in accordance with the terms of the deed of trust. In the notice of sale was the following: "This property is sometimes known as the Continental Plant Company, of Kittrell, N. C., and is sold subject to the debts of Shields M. Blacknall, whether the same be recorded in the register of deeds' office or evidenced by the books of the Continental Plant Company, or otherwise, but only the debts of Shields M. Blacknall. It is further well understood that this sale is intended to include any right, title, or interest which the said Mildred W. Purvis may have in and to the aforesaid real estate and the purchaser, will not be required to assume said debts."

The plaintiffs' prayer for relief is as follows: "Wherefore, the plaintiffs pray judgment: (1) That the defendants, Mrs. Gladys Pegram and

Charles H. Blacknall, be required to return to the administratrix of the estate of S. M. Blacknall the sum of $10,000 paid them in cash and to answer under oath with respect to any property real, personal or mixed in which either of them have invested any part of the sum received from the administratrix of the estate of S. M. Blacknall, and that the said defendants be held in contempt of this court until the money so unlawfully received be returned. (2) That the defendants be restrained from selling or offering to sell the real estate described in the said deed of trust until plaintiff's debt is paid. (3) For such other and further relief."

On application of plaintiffs, Judge W. A. Devin, on 6 June, 1930, issued a temporary restraining order, and on 24 June, 1930, the restraining order was continued to the hearing, and the judgment in part is as follows: "It is therefore ordered and adjudged that the restraining order heretofore granted in the cause be continued in force and effect in said order contained until a further hearing at the October, 1930, Term of Vance Superior Court, at such hour as shall be fixed by the judge for the hearing or upon a trial on the merits, with the right to all other creditors to make themselves parties and make such motions as they deem wise and in order that the subject-matter may be handled wisely with justice to all."

Mildred W. Purvis was not a party to the action. Gladys Pegram did not appeal from the judgment. Charles H. Blacknall alone appealed and assigned as errors:

"1. That the court erred in continuing the order restraining the sale of J. P. Zollicoffer, trustee, until the hearing, said order being in derogation of the rights of this defendant as a holder of notes secured in said deed of trust to an exercising by the trustee of the power of sale conferred in the deed of trust, the sale being preferred to be made in full subordination to and subject to all the rights of the plaintiff and other creditors of S. M. Blacknall, deceased.

2. That the court erred in holding that it would jeopardize the interest of the creditors of S. M. Blacknall to have a sale at this time of the interest of the devisee in the estate before the creditors are paid. Said finding being without basis in fact or law, inasmuch as the plaintiff and other creditors would have the same rights against the purchaser at the purported sale they now have against the said devisee.

3. That the judgment rendered by the court is not supported or authorized by the facts found by the court for as it nowise appears in said finding wherein the interests of the creditors of the estate would suffer by reason of the sale of the interest of the devisee subject to the rights of the creditors."

*Pittman, Bridgers & Hicks for plaintiffs.*
*Yarborough & Yarborough for Charles H. Blacknall.*

CLARKSON, J.  In *Leak v. Armfield,* 187 N. C., at p. 628, it is said:
"The mortgage is not a 'scrap of paper.' It is a legal contract that the
parties are bound by. The courts, under their equitable jurisdiction,
where the amount is due and ascertained—no fraud or mistake, etc.,
alleged—have no power to impair the solemn instrument directly or
indirectly by nullifying the plain provisions by restraining the sale to be
made under the terms of the mortgage."

The plaintiffs are creditors of the estate of S. M. Blacknall, deceased.
Mildred W. Purvis is administratrix of the estate with the will annexed.
It is alleged that she took from the assets of the estate $10,000 and paid
it to Gladys Pegram and Charles H. Blacknall, to pay her individual
debt and then in her individual capacity made the $10,000 deed of trust
on the sixteen tracts of land willed to her by S. M. Blacknall, but at the
time the estate was heavily indebted and before the two years had ex-
pired to settle the estate, under the statute, C. S., 76. As to the charge
that the $10,000 payment to Gladys Pegram and Charles H. Blacknall
was taken from the estate of S. M. Blacknall by the administratrix,
Mildred W. Purvis, if the estate is insolvent, and there is not sufficient
assets to pay plaintiff's debts, it may be that plaintiffs can recover the
amount from Gladys Pegram and Charles H. Blacknall.

In *Wood v. Bank, ante,* 373, citing numerous authorities, we find
the following: "It is well settled that where one's property has been
purloined by actionable fraud or covin, the law permits him to fol-
low it and recover it from the wrongdoer, or from any one to whom it
has been transferred otherwise than in good faith and for a valuable
consideration, so long as it can be identified or traced; and the principle
applies to money and choses in action as well as to specific property."

C. S., 76, is as follows: "All conveyances of real property of any de-
cedent made by any devisee or heir at law, within two years from the
grant of letters, shall be void as to the creditors, executors, administra-
tors and collectors of such decedent; but such conveyances to bona fide
purchasers for value and without notice, if made after two years from
the grant of letters, shall be valid even as against creditors."

In construing the above statute this Court, in *Davis v. Perry,* 96
N. C., at p. 262-3, says: "The statute (The Code, sec. 1442) (C. S., 76),
provides that a deed thus made, and indeed all like conveyances made
by devisees and heirs at law, 'within two years from the grant of letters,
shall be void as to creditors, executors, administrators, and collectors' of
the deceased debtor. But this does not imply that such conveyances are
absolutely void and inoperative at all events. The contrary appears from

the terms, nature, and purpose of the statute. They are only void in any case as to creditors and personal representatives, and as to them, only in case the personal assets are insufficient to pay the debts and costs of administration; they are not void—they never cease to operate as to the parties to them; nor are they void or inoperative as to the bona fide purchasers for value, and without notice, if made after two years from the grant of letters—indeed, in that case, they are 'Valid even against creditors.' They are never primarily void *ab initio;* they become so only to the extent, and in the cases and contingencies prescribed by the statute; but when the voidness supervenes to the extent indicated, it must prevail per force of the statute; it relates back to the time when the deed or other conveyance first became operative. It seems to be that this is the obvious and necessary interpretation of the statute referred to above."

With the law as above stated, the deed of trust from Mildred W. Purvis to J. P. Zollicoffer, trustee for Gladys Pegram and Charles H. Blacknall, is good between the parties for what interest she has in the land, subject to be divested by the creditors of the estate, if the estate is insolvent. It may be for the best interest of all parties that the judgment of the court below be sustained, but the defendant, Charles H. Blacknall, demands his legal right that the interest that Mildred W. Purvis has in the land which she made a deed of trust to J. P. Zollicoffer, trustee, to secure her debt to him, be sold, and we must so hold. As often said, "Hard cases are the quicksands of the law." Charles H. Blacknall has a legal right which a court of equity, under the facts in this case, cannot interfere with. The judgment of the court below is

Reversed.