IN THE MATTER OF THE ESTATE OF R. H. WRIGHT, DECEASED, R. H. WRIGHT, JR., AND T. D. WRIGHT, EXECUTORS, AND M. W. BALL, ADMINISTRATOR, C. T. A., EX PARTE, AND R. H. WRIGHT, JR., AND T. D. WRIGHT, EXECUTORS OF THE LAST WILL AND TESTAMENT OF R. H. WRIGHT, DECEASED, v. M. W. BALL, ADMINISTRATOR, C. T. A., ET AL., DEVISEES AND LEGATEES OF R. H. WRIGHT, DECEASED.

(Filed 15 April, 1931.)

1. **Executors and Administrators A e—Clerk of court has power to remove executor or administrator for cause.**

The clerk of the Superior Court in proper instances has statutory jurisdiction over the administration of the estate of decedents, and has the power to appoint administrators or administrators, c. t. a., C. S., 1, 4139, and to remove executors and administrators for cause, C. S., 31, which powers are reviewable on appeal to the judge of the Superior Court of the county.

**2. Same—Upon appeal from order removing administrators and appointing others, Superior Court may retain cause in its discretion.**

The Constitutional Convention of 1875 omitting the provisions of section 17, Article IV, of the Constitution of 1868, to the effect that the clerks of the Superior Courts shall have jurisdiction as probate judges, relieved the clerks of their exclusive jurisdiction, and upon appeal from an order of the clerk removing certain executors and administrators, *c. t. a.*, and appointing others in their place, the Superior Court judge may, in the exercise of his discretional powers, retain the cause, reverse the order of the clerk and appoint other administrators or a receiver to administrate the estate subject to the orders of the court, the entire matter being before the Superior Court on appeal. C. S., 637.

**3. Appeal and Error J b—On appeal from order removing executor, action of court in retaining cause in its discretion is not reviewable.**

Where the Superior Court judge, upon appeal from the order of the clerk of the court in appointing or removing executors or administrators of an estate, has exercised his discretion in retaining the cause in the Superior Court instead of remanding it to the clerk, the exercise of this discretion is not reviewable on appeal to the Supreme Court.

**4. Executors and Administrators C a—On appeal from order of clerk Superior Court may retain control of administration of estate.**

Where the personal representatives of the deceased have disagreed as to the administration of the estate and have brought action for advice as to the proper management of the estate which has been consolidated with proceedings involving the removal of certain executors and administrators, *c. t. a.*, the latter may be regarded as if a motion in the civil action, and the exercise of the discretionary power of the judge of the Superior Court acquiring jurisdiction by appeal in appointing a receiver and retaining the entire matter for further orders is not held for error.

APPEAL by M. W. Ball, administrator, *c. t. a.*, and certain devisees and legatees of R. H. Wright, deceased, from *Grady, J.*, at Chambers, in Clinton, N. C., on 24 December, 1930. Affirmed.

The above-entitled causes, pending in the Superior Court of Durham County, before the clerk, were, without objection, consolidated for the hearing of a motion for the removal of R. H. Wright, Jr., and T. D. Wright, as executors of the last will and testament of R. H. Wright, deceased.

On the facts found by the clerk at said hearing R. H. Wright, Jr., and T. D. Wright, who had theretofore duly qualified before said clerk as executors of the last will and testament of R. H. Wright, deceased, and M. W. Ball, who had theretofore been appointed by and had qualified before said clerk as administrator, *c. t. a.*, of the said R. H. Wright, deceased, were removed from their respective offices and S. C. Brawley, J. O. Lunsford, and Victor Young, were appointed by the said clerk as administrators, *de bonis non, cum testamento annexo,* with direc-

tions to take charge of the estate of R. H. Wright, deceased, and to administer the same as provided by law.

R. H. Wright, Jr., and T. D. Wright, executors, and certain devisees and legatees of the said R. H. Wright, deceased, appealed from the orders of the clerk to the judge of the Superior Court of Durham County. This appeal was heard by Judge Grady, holding the Superior Courts of Durham County, at Clinton, N. C., by consent, on 23 December, 1930.

On 24 December, 1930, Judge Grady rendered judgment affirming the order of the clerk removing the said executors and administrator, *c. t. a.,* reversing the order appointing the said administrators *d. b. n., c. t. a.,* and appointing the First National Bank of Durham receiver of the estate of R. H. Wright, deceased, with full power and authority to settle the said estate, in accordance with the stipulations of the "Family Agreement," executed by all the devisees and legatees of R. H. Wright, deceased, and under the orders and supervision of the judge of the Superior Court of Durham County.

From this judgment M. W. Ball, administrator, *c. t. a.,* and certain devisees and legatees of R. H. Wright, deceased, appealed to the Supreme Court.

*Abernethy & Abernethy and Brawley & Gantt for appellants, M. W. Ball, administrator, c. t. a., et al.*

*Brooks, Parker, Smith & Wharton and W. B. Umstead for appellees, R. H. Wright, Jr., and T. D. Wright, executors, et al.*

*S. C. Chambers for appellee, Cora Wright Chambers.*

*Walter Clark for appellee, Nannie Wright Clark.*

Connor, J. The last will and testament of R. H. Wright, who died in Durham County, North Carolina, on 4 March, 1929, was probated in common form by the clerk of the Superior Court of said county soon after the death of the testator. Thereafter, on or about 1 June, 1929, a caveat was filed in the office of said clerk to the probate of said last will and testament. The issues raised by the said caveat were duly tried at October Term, 1929, of the Superior Court of Durham County. At this trial the issues were answered by the jury in accordance with the contentions of the propounders. It was thereupon adjudged by the court that the paper-writing propounded, with the exception of certain items contained therein, which were adjudged void, is the last will and testament of R. H. Wright, deceased, and is valid as such. In accordance with the petition of both the caveators and the propounders, duly filed in the caveat proceeding, for a construction by the court of said last will and testament, it was further ordered, adjudged and decreed

that under its provisions Miss Mary E. Wright, a sister of the testator, is the owner of an estate for the term of her natural life in all the property, real and personal, of every kind and description, owned by the testator at the date of his death; that the children of T. D. Wright, a deceased brother—six in number—are owners of a vested remainder in an undivided two-thirds interest in all of said property, subject to the life estate of Miss Mary E. Wright; and that Mrs. Lucy W. Ball, a sister of the testator, is the owner of an undivided one-third interest in all of said property, subject to the life estate of Miss Mary E. Wright. It was also adjudged that R. H. Wright, Jr., T. D. Wright and the First National Company, Inc., of Durham, N. C., who are named in said last will and testament as executors thereof, are the duly qualified executors of R. H. Wright, deceased.

Thereafter by an agreement in writing, executed by Miss Mary E. Wright, by all the children of T. D. Wright, deceased, and by Mrs. Lucy W. Ball, and her children and grandchildren, dated 5 November, 1929, and known as the "Family Agreement," it was agreed that the estate of R. H. Wright, deceased, should be divided and distributed in accordance with the stipulations of said agreement, and not in accordance with the provisions of the last will and testament of R. H. Wright, deceased. It was expressly agreed by all parties to said "Family Agreement" that the First National Company, Inc., of Durham, N. C., should resign as executor and trustee under the will, and that M. W. Ball, a son of Mrs. Lucy W. Ball, should be appointed by the clerk of the Superior Court of Durham County as administrator, c. t. a., of R. H. Wright, deceased, and that the said estate should be managed, divided and distributed by R. H. Wright, Jr., and T. D. Wright, the executors named in the will, and M. W. Ball, administrator, c. t. a., appointed by the clerk, in accordance with said "Family Agreement." The purpose and effect of this stipulation was to constitute R. H. Wright and T. D. Wright the representatives in the management and settlement of said estate of the "Wright Group," owners of two-thirds of said estate, and M. W. Ball, the representative of the "Ball Group," owners of one-third of said estate.

Subsequent to the execution of the "Family Agreement," and in accordance with its stipulations, the First National Company, Inc., of Durham, N. C., resigned as executor and trustee under the will of R. H. Wright, deceased, and M. W. Ball was appointed by the clerk of the Superior Court of Durham County, administrator, c. t. a., of R. H. Wright.

Thereafter R. H. Wright, Jr., T. D. Wright and M. W. Ball, entered upon the discharge of their duties, and were engaged in the management and settlement of the estate of R. H. Wright, in accordance with

the stipulations of the "Family Agreement," at the date of the commencement of the action entitled "R. H. Wright, Jr., and T. D. Wright, Executors, v. M. W. Ball, Administrator, c. t. a., et al., Devisees and Legatees of R. H. Wright, Deceased." In the petition filed in this action by R. H. Wright, Jr., and T. D. Wright, executors, it is alleged that serious and apparently irreconcilable differences in opinion as to policies to be pursued in the management and settlement of the estate have arisen between the said R. H. Wright, Jr., and T. D. Wright, executors, of the one part, and M. W. Ball, administrator, c. t. a., of the other part. The relief sought in the action is a construction by the court of certain stipulations in the "Family Agreement," and advice as to the proper management and settlement of the estate. All persons who have an interest in the estate of R. H. Wright, deceased, either under his last will and testament, or under the "Family Agreement," are defendants in the action. An answer was filed to the petition by M. W. Ball, administrator, c. t. a., and by certain defendants, who constitute the "Ball Group." They pray that the prayer in the petition be denied, and the action be dismissed. An answer was also filed to the petition by defendants who constitute the "Wright Group." They admit the allegations of the petition, and pray the court to make such order or orders as may be just and proper. This action was begun on 6 October, 1929.

On 7 October, 1930, M. W. Ball, as administrator, c. t. a., filed his petition before the clerk of the Superior Court of Durham County, alleging certain facts on which he prayed the said clerk to remove R. H. Wright, Jr., and T. D. Wright as executors of R. H. Wright, deceased, and to recall and revoke the letters testamentary theretofore issued to them by said clerk. In his petition the said M. W. Ball states that if the clerk will remove the said executors in accordance with his prayer therein, he will resign as administrator, c. t. a., "so that some disinterested, capable and competent person or trust company may be appointed to administer and settle said estate, which your petitioner believes and alleges will be to the best interest of all parties concerned." Answers were filed to this petition by the executors, as respondents, and also by members of the "Wright Group," who intervened in said proceeding for that purpose. They denied the allegations of the petition, and prayed that the prayer therein for the removal of the executors be denied, and that the proceeding be dismissed.

The action for a construction of the "Family Agreement," and for advice as to the proper management and settlement of the estate, in accordance therewith, and the proceeding before the clerk for the removal of the executors, were consolidated, without objection, by the clerk. On the facts found by the clerk at the hearing of the motion

for the removal of the executors, it was ordered, adjudged and decreed "that said R. H. Wright, Jr., and T. D. Wright, executors, and M. W. Ball, administrator, *c. t. a.,* of the estate of R. H. Wright, deceased, be and they are hereby removed as executors and administrators of said estate, and that the letters testamentary and of administration heretofore issued to them be and they are hereby recalled and revoked. It is further ordered that said executors and administrator file their final account with this court as such within ten days from the date of this order and judgment, and turn over all of the property and assets of said estate which they hold as executors and administrator, *c. t. a.,* to their successors in office or to the court.

"It is further ordered that S. C. Brawley, J. O. Lunsford and Victor Young be and they are hereby appointed administrators *de bonis non, cum testamento annexo,* of said estate, and they are directed to take charge of and administer the same as provided by law, when they have qualified, and given bond in an amount to be fixed by the court. Let a copy of this judgment and order of removal be served upon the executors and Administrator Ball by the sheriff of Durham County."

From this order the executors and members of the "Wright Group" appealed to the judge of the Superior Court holding the courts of Durham County. At the hearing of this appeal by Judge Grady the findings of fact made by the clerk on which he made his order of removal, were set aside as not supported by the evidence. On the facts found by Judge Grady at the hearing of the appeal, it was ordered and adjudged that "the appointment of Messrs. Young, Brawley and Lunsford be set aside, and the same is declared null and void; that the removal of the executors and of Mr. Ball as administrator, *c. t. a.,* be approved and confirmed, for the reasons hereinbefore given, but not for the reasons given by the clerk; and it is further ordered and adjudged that the First National Bank of Durham be and the same is hereby appointed permanent receiver of the estate of R. H. Wright, deceased." The receiver, upon filing a bond in the penal sum of $100,000, to be approved by the judge presiding in the courts of the Tenth Judicial District, which includes Durham County, was authorized and directed to settle the estate of R. H. Wright, deceased, as promptly and as expeditiously as possible, in accordance with the stipulations of the "Family Agreement," and under the orders and supervision of the judge holding the Superior Courts of Durham County.

On their appeal to this Court, from the judgment of Grady, J., at Chambers, M. W. Ball, administrator, *c. t. a.,* and the devisees and legatees of R. H. Wright, deceased, constituting members of the "Ball Group," contend that there is error in said judgment, for that Judge Grady had no jurisdiction of the administration of the estate of R. H.

IN RE ESTATE OF WRIGHT AND WRIGHT v. BALL.

Wright, deceased, by reason of the appeal from the orders of the clerk of the Superior Court of Durham County, removing the executors and the administrator, c. t. a., and appointing the administrators, d. b. n., c. t. a., and that therefore he was without power to appoint a permanent receiver of said estate, with power and authority, conferred by said judgment, fully to administer the same, under the orders and supervision of the judge holding the Superior Courts of Durham County. They contend that conceding that Judge Grady had the power to hear said appeal, and to affirm or reverse said orders, in whole or in part, and that on the facts found by him the said power was lawfully exercised by him in the instant case, after he had affirmed the order removing the executors and the administrator, c. t. a., and had reversed the order appointing the administrators, d. b. n., c. t. a., he should have remanded the cause to the clerk of the Superior Court of Durham County, with directions to said clerk, after notice to all persons interested in the estate of R. H. Wright, deceased, to appoint administrators, d. b. n., c. t. a., in order that said estate might be administered under the orders and supervision of said clerk.

In considering the foregoing contentions, in order to determine their validity, the first question presented for decision is whether Judge Grady, as the judge holding the Superior Courts of Durham County, on the facts shown by the record, had jurisdiction, at least concurrent with that of the clerk, of the estate of R. H. Wright, deceased, by virtue of the appeal from the orders of the clerk, removing the executors and appointing the administrators, d. b. n., c. t. a.

It is conceded, of course, that under the law of this State, the clerk of the Superior Court of Durham County had original jurisdiction to probate, in common form, the last will and testament of R. H. Wright, who at his death was domiciled in Durham County, C. S., 4139, and upon such probate, and upon their qualification as required by law, to issue letters testamentary to the executors named therein. C. S., 1. The said clerk also had jurisdiction, under the provisions of C. S., 31, of the proceeding for the removal of said executors and for the recall and revocation of their letters testamentary. This jurisdiction is conferred by statute. The orders of the clerk removing said executors and appointing in their stead administrators, d. b. n., c. t. a., were subject to review on appeal therefrom to the judge holding the Superior Courts of Durham County. The power of the judge to affirm or to reverse, in whole or in part, said orders is conceded. *In re Will of Gulley,* 186 N. C., 78, 118 S. E., 839, *In re Battle's Estate,* 158 N. C., 388, 74 S. E., 23; *Edwards v. Cobb,* 95 N. C., 4.

The jurisdiction of the clerks of the Superior Court in this State with respect to the administration of the estates of deceased persons, in

proper cases, is now altogether statutory. Section 17 of Article IV of the Constitution of 1868, to the effect that the clerks of the Superior Courts shall have jurisdiction, as probate judges, to grant letters testamentary and of administration, and to audit the accounts of executors and administrators, was stricken from the Constitution by amendments proposed by the Constitutional Convention of 1875, and subsequently ratified by the people of this State. For this reason *Hunt v. Sneed,* 64 N. C., 176, decided at January Term, 1870, of this Court, is not an authority in support of appellants' contention that the jurisdiction of the clerks of the Superior Courts of the several counties of this State is not only original, but also exclusive. In that case it was held that by virtue of the provisions of section 17 of Article IV of the Constitution of 1868, and of statutes enacted pursuant thereto, the clerks of the Superior Court had original exclusive jurisdiction of all proceedings for the settlement of estates of deceased persons. However, in his opinion in that case, *Judge Rodman* says: "Without saying that the General Assembly might not, consistently with the Constitution, have given to the judges of the Superior Courts some concurrent original jurisdiction of proceedings for the settlement of estates, we think their intention was to give jurisdiction exclusively to the clerks, except (as will be presently explained) when the remedy by injunction may become necessary as a provisional one in the course of the proceeding."

In *Cobb v. Edwards,* 95 N. C., 5, an order by the clerk of the Superior Court of Greene County for the removal of an executor, was affirmed on the appeal of the executor to the judge holding the Superior Courts of said county. The executor excepted and appealed to this Court. The judgment was affirmed, and the proceeding remanded to the Superior Court of Greene County, with direction that it be remanded to the clerk for such further action by him as might be required. In his opinion in that case, *Judge Merrimon* says: "The clerk of the Superior Court clearly had original jurisdiction of the application to remove the defendant and power to remove him in a proper case. . . . Whether the jurisdiction of the clerk is exclusive in such case, or whether the Superior Court in administering principles of equity may exercise the like original jurisdiction, are questions we are not now called upon to decide."

In *Mills v. McDaniel,* 161 N. C., 112, 76 S. E., 551, decided at Fall Term, 1912, of this Court, *Hoke, J.,* says: "Our Constitution and statutes do not now provide or recognize a probate court or probate judge as a tribunal or officer exercising a separate and independent jurisdiction. Under the law as it now exists with us, these matters of probate are chiefly referred to the clerks of the Superior Courts, and

the judgments and rulings of these officers are on appeal very generally subject to the supervision and control of the court either in Chambers or in term."

In his "North Carolina Practice and Procedure," section 72, Professor McIntosh says: "The clerk has original jurisdiction in many cases which were formerly under the control of the County Court and which were later committed to him as judge of probate, such as the probate of deeds and of wills, the appointment and settlements of guardians, executors and administrators, and in special proceedings under the Code, as distinguished from civil actions. In such cases, the jurisdiction of the clerk is original, as a separate department of the court, and he may proceed to final judgment, except where issues of fact are raised. But when cases originating before the clerk come before the judge, either by appeal or otherwise, the judge acquires jurisdiction and may either remand the case or adjudicate it finally. Since the clerk has only such jurisdiction as may be given by statute, in the absence of express statutory provision he cannot exercise any general equity jurisdiction." Numerous decisions of this Court are cited in the notes in support of the text.

It is clear that by virtue of the appeal from the orders of the clerk of the Superior Court, Judge Grady, as the judge holding the Superior Courts of Durham County, acquired jurisdiction of the proceeding which was properly begun before the clerk for the removal of the executors, at least for the purpose of affirming or reversing the orders of the clerk in said proceeding, in whole or in part. Having thus acquired jurisdiction, by virtue of the statute, C. S., 637, it was within his discretion as to whether, after he had affirmed the order removing the executors, and reversed the order appointing the administrators, *d. b. n., c. t. a.,* he should remand or retain the proceeding for such orders as he deemed for the best interest of all parties to the proceeding. On the facts found by him, it cannot be held that Judge Grady's exercise of his discretion in the instant case, is reviewable by this Court. *Light Co. v. Reeves,* 198 N. C., 404, 151 S. E., 871; *Mfg. Co. v. Kornegay,* 195 N. C., 373, 145 S. E., 19; *Bank v. Leverette,* 187 N. C., 743, 123 S. E., 68; *Hall v. Artis,* 186 N. C., 105, 118 S. E., 901; *Mann v. Archbell,* 186 N. C., 72, 118 S. E., 911; *In re Brown,* 185 N. C., 398, 117 S. E., 291. In the last cited case, which arose during the course of the administration of the estate of a deceased person before the clerk, and which came to the judge of the Superior Court by an appeal from an order of the clerk, it is said: "The entire matter was before the judge by the appeal, and his findings will be presumed to be based upon the evidence considered by him. . . . It will hardly be denied that by the appeal of the respondent, Mrs. Devereux, from the clerk, the entire

case was constituted before the judge and he could determine all matters in controversy and make all necessary and proper orders and decrees therein. C. S., 637."

There was no error in the order of Judge Grady on the facts found by him, retaining jurisdiction of the settlement of the estate of R. H. Wright, deceased, and appointing a receiver of said estate, with full power and authority to settle said estate, in accordance with the stipulations of the "Family Agreement," and under the control and supervision of the judge holding the courts of Durham County. See *Fisher v. Trust Co.,* 138 N. C., 90, 50 S. E., 592, where it is said: "The jurisdiction of courts of equity to entertain administration suits at the instance of creditors, devisees and legatees has been uniformly recognized and frequently exercised." In that case the order of the judge appointing a receiver of the estate of a deceased person, with full power and authority to administer the estate under the orders and supervision of the judge, was affirmed by this Court, notwithstanding the fact that the estate was in course of administration by the administratrix, *c. t. a.,* under the jurisdiction of the clerk. With respect to this aspect of the case, it was said: "The facts set out, in our opinion, entitled the parties to have the aid of the court in protecting the property by the appointment of a receiver, and the adjustment of conflicting claims to the end that it might be brought to sale with an unencumbered title to the purchasers under such circumstances and conditions as would pay the debts and leave the largest possible surplus for the devisees."

The only question presented by this appeal for our decision involves the power of the judge to retain the proceeding for the removal of the executors and the appointment by the clerk of administrators *d. b. n., c. t. a.* This proceeding was consolidated, without objection, with the civil action for a construction of the stipulations of the "Family Agreement." The judge alone had jurisdiction of this action. *London v. Pelchenan,* 198 N. C., 225, 151 S. E., 189. As a result of the consolidation, the proceeding for the removal of the executors and the appointment of administrators *d. b. n., c. t. a.,* might well be regarded, for purposes of jurisdiction, as a motion in the civil action.

As we are of the opinion that Judge Grady acquired jurisdiction of the entire matter, by virtue of the appeal from the orders of the clerk, and therefore had power, in his discretion, to retain the consolidated causes and to appoint a receiver of the estate of R. H. Wright, deceased, the judgment is

Affirmed.