JEFFERSON STANDARD LIFE INSURANCE COMPANY v. GORDON H. BUCKNER, JAMES BUCKNER, GEORGE P. BUCKNER, HEIRS AT LAW OF ANNA K. BUCKNER, DECEASED, R. E. SHUFORD, TRUSTEE; T. B. SUMNER, W. E. SHUFORD, FRANK COXE AND C. N. PENLAND, ADMINISTRATOR OF THE ESTATE OF ANNA K. BUCKNER, DECEASED.

(Filed 15 June, 1931.)

Executors and Administrators D g—In this case held: demurrer to complaint in action to set aside deed to heirs was properly granted.

Although a conveyance by the heirs at law within two years from the qualification of the administrator of the estate is voidable as to creditors of the estate, C. S., 76, an administrator does not have the power to charge the estate with liability created by him on matters wholly occurring after the death of the testator, and, upon a sale of lands of the estate to make assets for the payment of debts, he may not exchange land with the purchaser and assume, as administrator, a mortgage debt on the lands conveyed to him by the purchaser, nor may the clerk approve such an exchange, C. S., ch. 1, and where the mortgagee of the purchaser from the administrator seeks to set aside a conveyance to the heirs at law by the administrator on other lands received in the exchange and conveyed to the heirs at law and conveyed by them to a third person, a judgment sustaining a demurrer to the complaint is affirmed.

APPEAL by plaintiff from McElroy, J., at April Term, 1931, of BUNCOMBE. Affirmed.

The facts—briefly: Anna K. Buckner died leaving about $500 in personal property and certain land in West Asheville (now a part of

Asheville) heavily encumbered. The total indebtedness of the estate being some $51,000. She left as her only heirs at law three children of full age, Gordon H., George P. and James Buckner. C. N. Penland was appointed administrator of the estate. A petition was filed before the clerk of the Superior Court of Buncombe County, N. C., by the administrator and heirs at law to sell the lands to pay the debts. An order of sale was made and C. N. Penland appointed a commissioner to sell the land described in the petition at private sale. A report of the sale of the lands was made by the commissioner and agreed to by the heirs at law. The sale was to Frank Coxe, who in the deal was to take the property and pay off the encumbrances and convey certain property to the administrator and the administrator to assume a certain debt hereafter set forth. Coxe had theretofore made a deed of trust to Julian Price, trustee, to secure $5,000 on a certain piece of real estate which in the deal was conveyed to C. N. Penland, administrator of the estate of Anna K. Buckner. In the deed is the following:

"Said last mentioned lot being subject to a deed of trust from Frank Coxe to Julian Price, trustee for the Jefferson Standard Life Insurance Company, securing the payment of $5,000, and heretofore recorded in the office of the register of deeds for Buncombe County in Book 292, page 301, *the payment of which the party of the second part hereby assumes and expressly agrees to pay.*"

This is not one of the lots in controversy in this action.

C. N. Penland, administrator, deeded two of the pieces of land acquired in the deal with Coxe to two of the heirs at law: Lot 57, Block C, to James Buckner, and Lot 58, Block C, to George P. Buckner. They in turn conveyed said lots to T. B. Sumner, one of the defendants in this action. All these deals between the said administrator, Coxe, and heirs at law of Anna K. Buckner, were approved by the clerk of the Superior Court of Buncombe County, N. C., and in the decree is the following: "If any surplus shall remain after the payment of said debts and charges the same is to be considered as real estate, and is to be disposed of by the administrator of said estate to and among such persons as would have been entitled to this land according to law, and he shall deliver or have delivered, the deeds for said lands to be conveyed by the said Frank Coxe, as hereinbefore more fully set out, to the children and sole heirs at law of the said Anna K. Buckner, deceased, or in accordance with their direction, but not until all the debts of the said estate, including charges of administration and the costs of this proceeding, shall have been first paid or provided for fully and satisfactorily to the creditors of said estate."

This decree was signed 24 August, 1928. Thereafter, about 26 November, 1928, the administrator conveyed said above-mentioned Lots

57 and 58 to James and George P. Buckner, heirs at law of Anna K. Buckner; and thereafter, on 16 November, 1929, they conveyed said lots to the defendant, T. B. Sumner, within two years of the appointment and qualification of C. N. Penland, administrator of the estate of Anna K. Buckner.

The trustee for the plaintiff, Jefferson Standard Life Insurance Company, duly advertised the property under the Coxe deed in trust, which in the deal was assumed by Penland, administrator. The property did not bring a sufficient amount to pay the Coxe debt, and this action is brought to recover the deficiency—$2,617.55, with interest from 21 January, 1930.

The prayer of plaintiff is to recover said amount. "That this plaintiff be declared to have a first and prior lien on Lots 57 and 58, Block C, of the Coxe properties, located on Coxe Avenue, and that a commissioner be appointed and authorized and directed to sell said property and apply the proceeds of said sale to the payment of the indebtedness as herein alleged, and the costs of this action, and the over-plus, if any, pay into the office of the clerk of the Superior Court, or to those legally entitled to the same."

*Ford, Coxe & Carter for plaintiff.*
*Ward & Allen for defendant, T. B. Sumner.*

CLARKSON, J. The defendant, T. B. Sumner, in the general County Court of Buncombe County, N. C., duly demurred to the complaint. The demurrer was sustained. The plaintiff appealed to the Superior Court and the demurrer of the general County Court was affirmed; an appeal was taken to this Court. In the judgment of the courts below we find no error.

The main question involved in this appeal is whether the assumption of the debt owed by Frank Coxe to the plaintiff, Jefferson Standard Life Insurance Company, by C. N. Penland, administrator of the estate of Anna K. Buckner, fixed a lien upon the other property conveyed by said Coxe to said administrator for payment of that debt, viz., the lots in controversy, 57 and 58, same being conveyed by said administrator to two of the heirs at law who in turn conveyed said lots to defendant, T. B. Sumner? We think not.

C. S., 76, is as follows: "All conveyances of real property of any decedent made by any devisee or heir at law, within two years from the grant of letters, shall be void as to the creditors, executors, administrators and collectors of such decedent; but such conveyances to bona fide purchasers for value and without notice, if made after two years

from the grant of letters, shall be valid even as against creditors." *Bank v. Felton*, 188 N. C., 384; *S. v. McCanless*, 193 N. C., 200; *Bank v. Zollicoffer*, 199 N. C., 620.

In *Davis v. Perry*, 96 N. C., at p. 263, we find: "They are only void in case as to creditors and personal representatives, and as to them, only in case the personal assets are insufficient to pay the debts and costs of administration; they are not void—they never cease to operate as to the parties to them." *Bank v. Zollicoffer, supra.*

In N. C. Practice and Procedure, ch. 1, sec. 72, at p. 70, Mr. McIntosh says: "Since the clerk has only such jurisdiction as may be given by statute, in the absence of express statutory provision he cannot exercise any general equity jurisdiction." *In re Estate of Wright*, 200 N. C., 620.

In a careful review of C. S., ch. 1, Administration, and Amendment Public Laws N. C., 1927, ch. 222, we find no authority for an exchange, approved by the clerk, permitting an administrator to assume a debt as was done in this case to plaintiff. The clerk's jurisdiction is statutory, he cannot go beyond express or implied authority given him.

In *Snipes v. Monds*, 190 N. C., at p. 191: "An executor cannot, by any contract of his, fasten upon the estate of his testator liability created by him, and arising wholly out of matters occurring after the death of the testator." *Hall v. Trust Co.*, 200 N. C., at p. 739.

For the reasons given, the judgment below is

Affirmed.