ALFRED ROWLAND and wife *v.* JOSEPH THOMPSON, Guardian, &c.

Where an appellant *elects* (under C. C. P., s. 490,) to carry a case from the Probate Court, to the judge *in vacation*, it is still within the discretion of the latter to hear it *in term time ;* and *vice versa.*

In case of such an appeal, if there be a further appeal from the judge to the Supreme Court, the latter tribunal can review no point before the Probate Court that was not passed upon by the judge,

(*Practice*, in the Probate Courts, in taking the accounts of executors, guardians, &c., stated in detail, the distinction between *issues of fact* and *questions of fact*, applied.)

(*Heilig* v. *Stokes*, 63 N. C., 612, approved.)

CIVIL ACTION, before *Russell, J.*, at Spring Term 1870 of ROBESON Court.

The plaintiffs demanded a settlement by the defendant of his trust as former guardian of Mrs. Rowland. The defendant answered, submitting to an account. During the taking of the account the defendant excepted to various points of evidence, &c. The Probate Judge gave judgment for the plaintiffs, for a large amount. And the defendants appealed to the Judge of the District.

Upon the case being brought before his Honor at Chambers in Wilmington, he ordered it to be transferred, for trial as to matters both of law and fact, to the next term of the Court to be held for Robeson County.

The plaintiffs thereupon appealed.

*Leitch,* for the appellants.
*N. A. McLean* and *W. McKay, contra.*

RODMAN, J. The simple question brought up for review in this case, is the right of the Judge to make the order appealed from, transferring the hearing of the appeal, from the Probate Judge to him at Chambers, to the Superior Court at its next term. If this Court should be of opinion that the Judge had no right to make the order in question, the only judgment which it could give, would be to remand the case to the Judge, in order that he might decide upon the questions presented by the appeal from the Probate Judge. No appeal lies directly from the Probate Judge to this Court: before any question can come before it, it must have been decided by the Judge of the Superior Court. Hence this Court cannot now inquire into the propriety of the findings of the Probate Judge; nor could it give judgment for the plaintiff according to his finding, even though all the Justices were individually satisfied that it was correct. Of course, we intimate no opinion of any sort on that point. In order to arrive at the question properly before us, it is proper to

·consider what is or ought to be the practice of the Probate Courts in taking the accounts of executors, guardians, &c.

An action in a Probate Court to enforce an account *in invitum*, is begun and prosecuted in analogy with a special proceeding in a Superior Court. The defendant is brought in by a summons, the plaintiff files his complaint, and the defendant his answer or demurrer, as is prescribed by the Civil Code of Procedure in civil actions. Section 490, C. C. P., enacts "All *issues of fact joined* before the Judge of Probate shall be transferred to the Superior Court of the County for trial." An issue of fact is one made by the pleadings, and no other; it does not include every question of fact which may collaterally come before the Probate Judge in the course of taking an account: *Heilig* v. *Stokes*, 63 N. C. 612. For example, if in answer to a complaint against a guardian, the defendant should deny that he had ever been guardian, or should set up a release from his ward after his coming of full age; and the plaintiff should take issue on the denial, or should reply generally to the allegation of a release, issues of fact would be joined such as are intended in the act, and which, as they can only be tried by a jury, must be transferred to the Superior Court for trial. Probably that Court, having once obtained jurisdiction of the action, would retain it, after the decision of those issues, and would proceed to a complete decision of all the matters in controversy, by taking an account if necessary, or otherwise, according to its course. If, however, the defendant in the Probate Court, instead of putting in an answer offering an issue of fact, admits expressly, or by legal intendment, his liability to account, the Probate Judge proceeds to take and state the account in the ordinary way, hearing and recording all the evidence which may be presented to him.

In the course of this examination, he must necessarily decide upon all exceptions which may be taken to the admis-

sibility of evidence, and upon any other collateral question which may arise. He should record the evidence offered, even though in his opinion incompetent, with his decision rejecting it. No appeal having the effect of stopping his proceeding is permitted from any such decisions but upon an appeal from his final judgment, all his decisions upon these collateral questions may be reviewed, and all inadmissible or irrelevant testimony stricken out by the Superior Court. When the account is stated, the parties should be informed thereof, and notified to attend on a certain day, and show cause why it should not be made final, and then judgment rendered accordingly. Either party may thereupon file exceptions to the whole account, or to any particular part of it. These exceptions should be numbered, and should set forth with precision what item or items are excepted to, and concisely the ground of the exception. An exception may be, that some one or several facts are not sufficiently proved; or that the facts proved respecting a particular item of charge or discharge, are not sufficient in law to sustain it. The exceptions may thus raise questions of fact and of law, but they are not technically "issues joined," and are not required to be tried as such issues are. The Probate Judge should proceed to decide on the merits of every exception separately, allowing or overruling it; if any material exception is allowed, he must amend his account accordingly. He will then enter his final judgment, and notify the parties thereof, and either party may appeal, and the appeal entitles the parties to a review of every decision of law, and every finding of fact which was excepted to, and which is material to sustain the final judgment. The above is a brief outline of the practice which must prevail in the Probate Court. It is true that the Code does not prescribe this course in detail. But when it directs (sec. 481) that the Probate Judge shall "audit" the account, it im-

plies that he shall pursue the usual course which has been found to be just and convenient in such cases. To hold that an appeal would lie from the decision of the Probate Judge upon every question collaterally arising in the course of his investigation, with the effect of suspending his proceedings until the question could be decided in the Superior Court, and if one of fact, by a jury, would introduce into our prac tice all the inconveniences of the obsolete common law action of *Account,* which caused it to be superseded in practice by the more expeditious and convenient proceeding in equity. As has been already said, no question arises here now upon the course of practice pursued in the Probate Court in this case, but this view of the practice seemed an appropriate introduction to the quesiion before us, and may help Probate Judges in the discharge of their duties.

The question in this case, depends upon the construction of the remaining part of s. 490 ; " And appeals shall lie to the Judge of the Superior Court of the district, *either in term time or vacation,* from the judgments of the Probate Court, in all matters of law." That is to say : the appellant may elect whether he will have his appeal determined by the Judge in term time, or vacation. But if the appellant can thus elect, cannot the Judge use a discretion as to whether he will hear it in term time, or vacation? There is no requirement here, that the Judge shall decide the appeal in ten days, as there is in section 111. The final decision of the Probate Judge will generally embrace the determina tion both of matters of fact, and of matters of law, and upon an appeal, both must be reviewed. The Judge may decide on the questions of fact, as well as of law, without the aid of a jury ; but it may be that some of the questions of fact are so important and difficult, that he may be unwilling to do so. In such a case, we think it would be within his power, as it formerly was in that of a Judge in equity, to make up issues

of fact, and submit them to a jury.   If that be so, it follows that he must have the power to postpone his decision on the appeal until a term of the Court, as then only a trial by jury can be had.   We do not see any error committed by the Judge below.   The case will be remanded to the Superior Court of Robeson County, in order that it may be proceeded in, according to the course of the Court.   The appellee will recover the costs of this Court.

PER CURIAM.                    No error, Remanded.