WM. H. PEARCE and another *v.* J. C. LOVINIER, Executor, &c.

Upon appeal to the Superior Court, from an order of the Probate Judge appointing or removing an administrator or executor, the Superior Court does not acquire jurisdiction to appoint or remove such persons; but, when necessary, after determining the questions presented by the record, must issue a *procedendo* to the Probate Judge, requiring him to appoint some proper person to administer the estate.

(*Mitchell* v. *Biddle, ante,* cited and approved,)

MOTION to the Probate Judge of CRAVEN county to remove the defendant, as executor, carried by appeal to the Superior Court of said county, where it was heard by his Honor *Judge Clarke,* at Spring Term, 1874.

The allegations of the petition and the facts found by the Probate Judge are fully set out in the opinion of the Court.

On the hearing below, his Honor remanded the cause to the Probate Court to require the executor to give bond, or to remove him in case of his failure to do so. From this judgment defendant appealed.

*Haughton* and *Smith & Strong,* for appellant.
*Stephenson* and *Green* and *Battle & Son,* contra.

SETTLE, J. This was an application by creditors to the Probate Judge to remove an executor, on the ground of fraud and incompetency. Upon hearing the motion and affidavits the Probate Judge found:

1. That the plaintiffs are creditors of the estate of Sarah J. Lovinier.

2. That at the time J. C. Lovinier, the executor of Sarah J. Lovinier, filed an affidavit and prayed for an order of the Court to allow him to sell real estate for the payment of the debts of his testatrix, he had sufficient assets in his hands to pay the debts of his testatrix, and the charges of administration, as appears by his account current, recorded in book 312 of accounts for Craven county.

3. That J. C. Lovinier is guilty of a *devastavit* in this—that his acts of negligence, carelessness, and mal-administration has been such as to defeat the rights of the creditors and legatees under the will of his testatrix.

And thereupon he revoked the letters testamentary theretofore issued to the defendant, and ordered that the estate of the testatrix be placed in the hands of the public administrator of Craven county for settlement.

From this judgment the defendant appealed to the Superior Court, when his Honor, upon consideration of the affidavits, *pro* and *con*, ordered that " the proceedings be remanded to the Judge of Probate, to proceed according to law in requiring the executor, if due cause therefor is shown, to give bond for the faithful performance of his duties, or on notice, to remove him and grant letters of administration according to law."

This Court has held at the present term, *Mitchell* v. *Biddle,* that the power to revoke letters of administration, upon the failure of the administrator to discharge his duties according to law is vested, by the Constitution and laws of this State, in the Judge of Probate, and it is said in the case cited, " without invoking the aid of our statutes, the removal is inherent in the office at common law, and must of necessity be so to prevent a failure of justice."

His Honor seems to have supposed that the requirements of the law would be satisfied by making the executor enter into bonds for the faithful performance of his duty.

All interested parties have a right to require that the estate of a deceased person shall be administered by an honest and faithful representative, and none other should be permitted to touch it, even though he might be able to give the best of bonds.

Honesty is a better security than a bond ; and it is to the interest of the public that estates shall be promptly and faithfully administered, without having to resort to actions on the bonds of personal representatives.

Assuming the findings of the Probate Judge to be true, the

defendant has shown himself to be an unfit person to be trusted with the administration of an estate ; and the question of fitness or unfitness is one for the determination of the Probate Judge.

Upon appeal to the Superior Court, from an order of the Probate Judge, appointing or removing an administrator or executor, the Superior Court does not acquire jurisdiction to appoint or remove such persons ; but when necessary, after determining the questions presented by the record, must issue a *procedendo* to the Probate Judge, requiring him to appoint some proper person to administer the estate.

Let it be certified that there is error in the order appealed from, to the end that the Superior Court may modify its order to the Probate Judge, in accordance with this opinion.

PER CURIAM.　　　　　　　　　Judgment accordingly.