HENRIETTA MILLS *v.* ROY McDANIEL ET AL.

(Filed 17 May, 1911.)

**Deeds and Conveyances—Registration—Defective Probate—Wife's Separate Examination—Findings—Evidence—Appeal and Error.**
Findings of fact by the clerk and adopted by the judge upon a petition to correct an alleged defective probate of a deed, in that it did not show the privy examination of the wife of the grantor, etc., under allegation that the original correctly showing the probate had been lost, will control on appeal when there is evidence to sustain such findings; and when they are adverse to the claim of the petitioner, he is bound by them.

APPEAL from *Lane, J.,* at chambers, 28 April, 1911. From RUTHERFORD.

The facts are sufficiently stated in the opinion of the Court by *Mr. Chief Justice Clark.*

*Pless & Coleman for plaintiff.*
*McBrayer & McBrayer, W. C. McRorie and R. S. Eaves for defendant.*

CLARK, C. J. This was a petition filed before the Clerk of the Superior Court alleging that in October, 1869, William Butler and his wife executed to I. J. Spurlin a deed for the tract of land described in the petition, and that in January, 1870, said Butler and his wife appeared before J. B. Carpenter, who was at that time the probate judge and clerk of the Superior Court of Rutherford, and then and there the said William Butler duly acknowledged the execution of such deed before the said clerk and the privy examination of the wife of said Butler was duly taken by said officer. The petition further alleged that said clerk either failed to write out and attach to said deed the

certificate of probate as aforesaid which had been taken by him, or the said certificate has since been lost or misplaced by some of the successive owners or custodians of said deed, and the petitioner asked that such certificate of probate be now written out and attached to such deed, and that the records of the court be amended to show that said acknowledgments and privy examination were duly had in January, 1870, as above duly alleged, and that such correction should be adjudged to take effect, *nunc pro tunc,* as of 8 January, 1870, at the time the acknowledgment and privy examination and the certificate of probate thereon were in reality had.

The grave questions of law intended to be presented and which would have been presented if the facts had been found in accordance with the allegations of the complaint do not arise because the clerk found as a fact and adjudged, "That the said deed was not duly and legally proven as alleged in the petition, and that no privy examination of the wife of said Butler was taken or had as alleged in the petition or at any other time or before any other officer." On appeal to the judge he adopted the finding of fact of the clerk and approved his judgment dismissing the proceeding. There was evidence which justified such finding of fact. In such case the action of the court below is not reviewable. *Leak v. Covington,* 99 N. C., 559; *Brafford v. Read,* 125 N. C., 311.

The judgment of the court below is therefore
Affirmed.