Proceeding to establish and declare the proper probate of a deed, including the privy examination of a feme covert, heard on appeal from the clerk of the Superior Court before Foushee, J., at Spring Term of RUTHERFORD, 1912.
The facts are sufficiently stated in the opinion of the Court by MR. JUSTICE HOKE.
The plaintiff, claiming the land under a deed and mesne conveyances from William Butler and his wife, Myra, instituted (114) a proceeding before the clerk of the Superior Court of Rutherford County to establish and declare a proper probate of said deed, and alleged that this probate and privy examination had been duly taken, but the printed and written form showing this had become detached from the deed in some way and lost or destroyed.
On the original hearing before the clerk there was finding and adjudication by that officer that no proper probate had ever been had, and on appeal this finding and adjudication was affirmed by the Superior Court and again affirmed in this Court (see case, 155 N.C. 249). Pending a petition to rehear and on application formally made, another hearing was allowed on account of newly discovered evidence. And this order having been properly certified, the clerk again heard the matter and gave judgment substantially the same as that first rendered by him. On appeal, this judgment was reversed in the Superior Court, and the cause is now before us on defendant's appeal.
It was chiefly urged for error by the defendant, stating the position in his own language, "That the judge of the Superior Court had no jurisdiction or power to review the finding of the clerk on the question involved, that is, that no appeal lies from such finding; the purpose of the motion or proceedings being to set up or amend the record of the probate court of Rutherford County, of which the clerk is ex officio judge," citing the case of Perry v. Adams, 83 N.C. 266, and some others of like purport. If it be conceded that this is a proceeding to amend or restore a lost record, defendant's position could not be sustained. Our Constitution *Page 93 
and statutes do not now provide or recognize a probate court or probate judge as a tribunal or officer exercising a separate and independent jurisdiction. Under the law as it now exists with us, these matters of probate are chiefly referred to the clerks of the Superior Court and the judgments and rulings of these officers are on appeal very generally subject to the supervision and control of the court, either in chambers or in term. If determinative issues arise on the pleadings in a procedure where the adversary rights of litigants are ordinarily presented, such issues must be "transferred for trial to the next succeeding term of the Superior Court" (Revisal, secs. 78, 114, 529, and 717), and if there be issues of law or material questions of fact decided, (115) these may be reviewed by the judge at term or in chambers on appeal properly taken, and in passing upon these questions of fact the court may act on the evidence already received, or if this is not satisfactory, it may ordinarily require the production of other evidence as an aid to the proper disposition of the questions presented. With the view of promoting right decisions very large latitude is allowed in the method of procedure and the extent of the relief which may be afforded by the appellate court, a position supported by authoritative decisions and which is in accord with the policy and express provisions of our statutes on the subject. In re Battle, 158 N.C. 389; Williams v. Dunn, 158 N.C. 399;Tayloe v. Carrow, 156 N.C. 6; Beckwith et al., ex parte, 124 N.C. 111;Wynne v. Small, 102 N.C. 133; James v. Spencer, 95 N.C. 271; Revisal 1905, secs. 610, 611, 612, 613, 614.
The case of Perry v. Adams, supra, and other cases of like kind, relied upon by defendants, were appeals to the Supreme Court on questions involving the exercise of discretionary powers of the lower court, and were made to depend chiefly on the constitutional provision restricting the appellate powers of this Court to "matters of law or legal inference," and have no application to appeals from orders and judgments of the clerk to the judge in chambers or the Superior Court in term. Bagley v. Wood,34 N.C. 90.
It was further contended, "That the evidence is insufficient to support the finding that the privy examination of Myra Butler was properly taken," but if such a position were open to defendants, the facts in evidence are entirely against them. The entries and indicia on the face of the deed, the direct evidence of the clerk who acted in the premises, and the additional and supporting testimony of the witness Wooten, afford convincing evidence of the privy examination of the feme covert, and fully justify the action of his Honor in finding that the deed was correctly and properly proven as to both the grantors.
We find no error in the record, and the judgment must be
Affirmed. *Page 94 
(116)