IN RE WILL OF L. D. GULLEY.

(Filed 19 September, 1923.)

1. **Wills—Clerks of Court—Courts—Executors and Administrators— Qualification of Executors—Statutes.**

It is required of the clerk of the court to require a nonresident named as executor in a will to give a bond in double the value of the personal property of the estate (C. S., sec. 34) before he takes the oath (C. S., sec. 39), the amount of the bond to be ascertained upon examination of such person, or some other competent person under oath (C. S., sec. 33): *Held,* where such person has taken possession of the personalty and has peculiar knowledge of it, refused information to the widow and all others, and to be examined by the clerk while passing upon his fitness, it is proper for the clerk to refuse to issue the letters of administration to him.

**2. Wills—Clerks of Court—Courts—Executors and Administrators—Refusal of Letters.**

Where the clerk of the court has refused to issue letters of administration to the one named as executor in the will, and has exercised his discretion in appointing another—in this case the widow—the letters issued to the widow are effective.

**3. Wills—Clerks of Court—Courts—Executors and Administrators—Judgments—Appeal—Review.**

The adjudication by the clerk of the unfitness of one named in a will as executor is subject to review by the Superior Court judge, and as to matters of law, in the Supreme Court on appeal.

**4. Wills—Clerks of Court — Courts — Disqualification of Executor — Caveat—Executors and Administrators.**

Where a will has been admitted to probate, reserving by mutual consent the question of the fitness of the person therein named as executor, upon the appointment of another by the clerk, the rights of interested parties to file a caveat to the will is not impaired.

APPEAL by E. K. Gulley from *Daniels, J.,* at chambers, 16 July, 1923.

This was a judgment by the clerk of the Superior Court of Wayne denying the application of E. K. Gulley for letters testamentary. On appeal to *Daniels, J.,* at chambers, the judgment was affirmed and E. K. Gulley appealed. L. D. Gulley, resident in Wayne County, died at a hospital in Miami, Florida, 19 February, 1923, leaving a will purporting to have been executed on 7 January, 1923.

E. K. Gulley offered the said will for probate on 28 May, 1923. The widow and certain of the children as well as E. K. Gulley were represented by counsel. Counsel for both sides being present in the offices of the clerk, it was agreed that the probate of said will in common form should in no way prejudice the rights of the parties and especially the right to contest the qualification of the said E. K. Gulley as executor.

On 30 May, 1923, the said E. K. Gulley appeared before the clerk of said court and demanded that letters testamentary be issued to him, counsel for both sides being present, and the widow of said testator and certain of her children contesting his appointment as executor.

It also appeared that on 7 January, 1923, the date of the execution of the will, E. K. Gulley was present with the deceased at the hospital at Miami, Florida, and also on 17 January, 1923, when a check was executed in blank by the testator and filled in at the direction of said E. K. Gulley for the sum of $18,600 payable to the said E. K. Gulley, the said amount being all the funds the testator had in the bank.

The alleged will gave very broad powers to the executor, conferring power to sell at his discretion all the valuable real estate and other property belonging to the testator upon such terms and at such price

as he should see fit. The said E. K. Gulley is not a resident of North Carolina, but is, and has been for many years, a resident of Worth County, Georgia.

At the time of the hearing before the clerk of the Superior Court on 30 May, 1923, counsel for those opposing E. K. Gulley as executor asked that he be sworn in order "that he might disclose his knowledge of the estate of the testator and of what property it consisted, and also that he might be examined for the purpose of throwing light upon his fitness or unfitness to be qualified as such executor. He declined to testify or to make any statement concerning his knowledge of the affairs of the estate, though he had in his possession since the death of the testator a satchel containing the valuable papers and securities of the testator. Upon such refusal to be examined by the clerk or to give evidence as to the value of the property of the estate, the clerk denied his application for letters as executor, especially as he had refused also to give to his mother and brothers and sisters information as to the affairs of said deceased and as to what securities and papers he had in his hands relating thereto, and had also declined to disclose to them the contents of another and prior will of the testator which he claimed to have in his possession.

From the refusal of the clerk thereupon to appoint the said E. K. Gulley as executor, he appealed. It was agreed between the parties that the hearing on appeal before the judge of the Superior Court should be *de novo*. On the hearing before the judge, E. K. Gulley and the parties opposing his appointment were represented and affidavits were filed on his behalf.

After considering such affidavits and argument by counsel for both sides, Judge Daniels affirmed the judgment rendered by the clerk of the Superior Court, and E. K. Gulley appealed.

*J. Faison Thompson and N. Y. Gulley for appellant.*

*Geo. E. Hood, D. H. Bland, D. C. Humphrey, Paul Edmondson, Outlaw & Loftin, Dickinson & Freeman, and Langston, Allen & Taylor for appellees.*

CLARK, C. J. The application for letters testamentary was made by E. K. Gulley and counsel were heard on both sides, as was also the hearing before the judge on the appeal from the clerk. The applicant for letters of administration, E. K. Gulley, was a nonresident and was required by the statute to give bond. C. S., 34. It was necessary for him to take the oath prescribed, C. S., 39, and that the amount of the bond should be fixed by the clerk of the Superior Court at "at least double the value of all the personal property of the deceased, such value

to be ascertained by the clerk by examination on oath of the applicant or some other competent person." C. S., 33.

E. K. Gulley, who offered himself, as executor, having refused to make any statement disclosing the nature and the amount of the property in his hands belonging to the estate, the clerk was justified in refusing to allow him to qualify as executor. Under section C. S., 31, the clerk is given power to revoke letters testamentary, and for the same causes he would certainly have the right to refuse to issue letters testamentary. In this case, the misconduct having occurred prior to the issuing of the letters, the clerk was authorized to refuse to issue letters testamentary to one who had refused to obey the legal orders of the clerk in taking proper steps under the statute for supervision of the administration of the estate and the action of the judge in approving the order of the clerk is approved.

The clerk was authorized to issue letters to any suitable person in the place of the defaulting applicant. It appears that prior to the application of E. K. Gulley the widow had qualified as administratrix and had by injunction stopped the payment of an alleged draft for $18,600 given by the testator on his deathbed to said E. K. Gulley. Had letters testamentary been issued to the executor, the appointment of the widow as administratrix should have been set aside, but, as upon the aforesaid action of the executor the clerk refused to issue letters testamentary to him, and that has been approved by the judge, the duly issued letters of administration to the widow remain in full force and effect.

It is in the province of the clerk of the Superior Court to pass upon the matter of qualification of an executor, subject to the right of the judge of the Superior Court to review his judgment on appeal, and subject to the right of appeal to the Supreme Court as to matters of law only.

This appeal affects and approves the refusal of the letters testamentary. It will in no wise affect the rights of parties in interest to file caveat, if so advised, as to the will.

Affirmed.