R. B. JONES, Administrator De Bonis Non of LEE NORA MOORE, Deceased; and W. P. ODOM and Others, Heirs at Law of JOHN W. ODOM, Deceased, v. FANNIE DRYE ODOM PALMER and THE BANK OF WADESBORO, Administrators of JOHN W. ODOM, Deceased.

(Filed 31 May, 1939.)

1. **Executors and Administrators § 4—Judgment affirming clerk's order denying removal of administrator affirmed upon facts of this case.**

Petitioners sought the removal of respondents as administrators for failure to file inventory as required by law, failure to file promptly the required reports, and delay in closing estate without explanation or formal extension of time, being dilatory in collecting assets and in repaying money borrowed until accrual of large amounts of interest. The evidence was insufficient to show diversion of funds or waste. It appeared that administration was practically complete at the time of the institution of the proceedings and that therefore whether the installation

of a new administration would be beneficial to the remaining creditors and distributees was conjectural. *Held:* The judgment affirming the discretionary order of the clerk refusing to remove the administrators is upheld upon the particular facts appearing of record.

**2. Same—Petition for removal of administrators is addressed to the discretion of the clerk.**

The clerk of the Superior Court is not compelled to remove an administrator for failure to file promptly the required inventory and accounts, nor for delay in winding up the estate, and a petition for removal is addressed to his discretion, since the statute makes removal mandatory only when, upon a hearing, the objections are found valid, which implies a finding of their sufficiency to justify the removal as endangering the estate or disclosing a refusal to obey promptly the supervisory orders of the clerk.

**3. Same: Court's § 2c—**

Since an appeal from a discretionary order of the clerk as probate judge denying a petition for the removal of an administrator is heard upon matters of law or legal inference, the failure of the Superior Court to find the facts will not be held material when there is no evidence from which a finding of abuse of discretion by the probate judge could be predicated.

APPEAL by petitioners from *Bivens, J.,* at November Term, 1938, of ANSON. Affirmed.

The petitioners sought the removal of the respondents as administrators of the estate of John W. Odom, deceased, setting up, upon the demand of the respondents and the order of the clerk, a bill of particulars containing specific charges of alleged misconduct in the management of the estate.

Included in the charges were: A failure to file inventory; payment of claims barred by the statute of limitations; retention as commissions of a greater sum than that allowed by law; delay in collection of assets for long periods of time; acceptance of bids at auction sales contrary to law; failure to close up sales promptly, and loss of money through this source; failure to report sales of property made at private sale; failure to collect money from commissioners who had made sales of land to create assets; unnecessary delay in payment of debts, causing loss because of accrued interest; the unauthorized payment of attorneys' fees; and long delay in closing the administration, with attendant detriment and loss to the estate. In view of the decision reached, it is unnecessary to analyze the voluminous evidence presented to the court in support of these contentions.

Upon the hearing before the clerk of the Superior Court, the petition was denied and petitioners appealed to the Superior Court, where, before Bivens, Judge, a like result followed, and petitioners appealed.

*Fred J. Coxe and J. C. Sedberry for petitioners, appellants.*
*R. L. Smith & Sons and Rowland S. Pruette for respondents, appellees.*

SEAWELL, J.   We are constrained to affirm the judgment of the court below in declining to remove the administrators on practical considerations which we think must have controlled the clerk, and the judge on appeal, in their action.

The evidence and record show that the estate is practically administered, and we seriously doubt whether remaining creditors or the petitioning distributees will be put in a more favorable position to assert any rights they may have or redress any wrongs they may have received at the hands of the present incumbents by installing a new administration.   Such action is usually instigated by the necessity of presently preserving the estate, rather than for punishment or correction of personal representatives.

We wish, however, to make it clear that this decision is not an approval of the management of the estate as disclosed in the record, or of the acts and omissions of the respondents for which removal is sought; and we do not intend to establish any precedent that the failure to comply with statutory or common law requirements in the conduct of administration and needless delay in winding up the estate, are not valid grounds for removal.   Had the respondents been removed from office, we would have felt bound upon this record to sustain it.

The respondents failed to file inventories required by law—one of the most vital requirements in aid of supervision; they did not file reports and accounts promptly; and they delayed closing the estate, without sufficient explanation or formal extension of time.   They were dilatory in collecting assets in the hands of the commissioners, borrowed money and delayed repayment until the interest grew into large sums.   On the other hand, there is no apparent diversion of funds, and charges of waste must depend on more substantial evidence than appears in the record. What the outcome of the estate might have been under expeditious administration is more or less a matter of speculation.

It is strongly argued by petitioners that neither the clerk of the Superior Court nor the judge hearing the appeal had any discretion in the matter of removal on the evidence developed in this case, in view of the peremptory phrasing of the statute, C. S., 31, under which this proceeding is brought.   With this view we cannot agree.   The exigencies of administration require the exercise of sound judgment, and this necessarily implies discretion in its supervision.   This statute provides for the revocation of letters of administration and the removal of administrators from office upon complaint that the person to whom the

letters were issued "has been guilty of default or misconduct in the due execution of his office." If, upon a hearing, "the objections are found valid, the letters issued to such person must be revoked and superseded and his authority shall thereupon cease."

"Must" denotes imperative action, indeed, but the action becomes imperative only when the conditions upon which it shall be taken are clear and compelling. Before taking action, the clerk must determine the validity of the charges brought against the administrators, and this, we apprehend, includes a finding of their sufficiency to justify removal, in determining which he must exercise his good judgment under the guidance of law and precedent. *In re Battle,* 158 N. C., 388, 74 S. E., 23. While strict supervision is demanded, no matter within the guardianship of the law calls more strongly for the application of sound business principles. Rules do not think; ministerially applied they are manifestly inadequate.

The clerk is not compelled to remove an administrator for failing promptly to file an inventory when in his judgment the estate has received no damage; C. S., 48, 49; nor for failure to file account; C. S., 106; nor for delay in winding up an administration. Instead of removal, the performance of all these duties may be enforced by appropriate proceeding. *Atkinson v. Ricks,* 140 N. C., 418, 53 S. E., 230; *Barnes v. Brown,* 79 N. C., 401. But he may remove an executor or administrator for such failure, and must do so when he finds the omission of duty is sufficiently grave to materially injure or endanger the estate, or if compliance with the orders of the court in the supervision and correction of the administration are not promptly obeyed.

The appeal from the judge of the Superior Court is heard upon matters of law and legal inference. *Wright v. Ball,* 200 N. C., 620, 158 S. E., 192; *In re Will of Gulley,* 186 N. C., 78, 118 S. E., 839. We do not regard the failure of the court below to find facts as material, since upon such facts as might be found from the evidence we cannot find an abuse of discretion.

In sustaining the conclusion reached by the court below denying the petition to revoke the letters of administration or remove the administrators, this Court does not intend to make the findings of fact and conclusions of the clerk of the Superior Court or the judge reviewing them on appeal effective for any other purpose. They are confined to a consideration of that question alone and do not constitute *res judicata* in any other proceeding between the parties which the petitioners may be entitled to pursue, and are not to be taken to the prejudice of either party therein.

For the reasons stated the judgment is
Affirmed.