In the Matter of the Estate of DOUGLAS C. EDWARDS.

(Filed 26 September, 1951.)

**1. Executors and Administrators § 2b—**

The right to appointment as administrator of an estate is entirely statutory, and the only child of a decedent who leaves no widow is entitled to the entire surplus of descendant's personal estate, G.S. 28-149 (4), and therefore is the sole "next of kin" of decedent within the meaning of G.S. 28-6, and upon his timely application to the proper clerk has an absolute right to receive letters of administration unless he is disqualified. G.S. 28-8.

**2. Same—**

A finding by the clerk that the next of kin entitled to appointment as administrator is disqualified because of want of understanding, G.S. 28-8 (4), must be based upon evidence received by the clerk in open court, and where the record shows that the conclusion of the clerk was based upon undisclosed and unrecorded information obtained by him from third persons outside of court and in the absence of petitioner and his counsel without opportunity for cross-examination, the proceedings will be remanded so that the matter may be determined in accordance with due process of law.

**3. Constitutional Law § 20a—**

Art. I, sec. 17, of the Constitution of N. C., guarantees a litigant in every kind of judicial proceeding the right to an adequate and fair hearing before an impartial tribunal where he may contest the claim set up against him and be allowed to meet it on the law and on the facts, and show if he can that it is unfounded.

Valentine, J., took no part in the consideration or decision of this case.

Appeal by petitioner, Fred Edwards, from *Bone, J.,* in Chambers at Nashville, North Carolina, 31 March, 1951, in a proceeding in the Superior Court of Edgecombe County for the appointment of an administrator.

Properly interpreted, the record reveals these things:

1. On 13 March, 1951, Douglas C. Edwards, whose wife had predeceased him, died intestate at his domicile in Edgecombe County, North Carolina, leaving a substantial personal estate. He was survived by an only child, namely, the petitioner, Fred Edwards, an adult resident of North Carolina, who has never been convicted of a felony or renounced his right to qualify as administrator of his deceased father.

---

---

2. On 22 March, 1951, the petitioner applied to the Clerk of the Superior Court of Edgecombe County by verified petition for letters of administration on the estate of the decedent.

3. On 29 March, 1951, the Clerk denied the petition in an order containing this finding and adjudication: "It is by the court . . . found as a fact that the said Fred Edwards is an incompetent person and lacking in understanding and is incompetent within the meaning of the statute to settle the estate in question, and the court in its discretion refuses to appoint the said Fred Edwards as administrator of the estate of Douglas C. Edwards."

4. The order specifies, in substance, that the finding as to the incompetency of petitioner is based upon undisclosed and unrecorded information obtained by the Clerk from third persons outside of court in the absence of petitioner and his counsel, who were not apprised of the identity of such third persons or given any opportunity to cross-examine or confute them.

5. The petitioner appealed from the order of the Clerk to the resident judge of the judicial district embracing Edgecombe County, who entered judgment affirming the order. The petitioner thereupon appealed from such judgment to the Supreme Court, making assignments of error sufficient to raise the legal questions hereinafter considered.

*P. H. Bell for petitioner, appellant.*
*No counsel contra.*

ERVIN, J. The appeal presents this solitary question: Did the judge err in affirming the order of the clerk refusing to grant administration to the petitioner?

The right to administer on the estate of an intestate is entirely statutory. Generally speaking, the right is given to the surviving spouse, the next of kin, the creditors, and other persons legally competent, in the order named. G.S. 28-6. As here used, the term "next of kin" means those persons who take the surplus of the personal estate of an intestate under the statute of distribution. *Henry v. Henry,* 31 N.C. 278; *Weaver v. Lamb,* 140 Iowa 615, 119 N.W. 69, 22 L.R.A. (N.S.) 1161, 17 Ann. Cas. 947.

Since the decedent left no widow, the petitioner, as his only child, takes the entire surplus of his personal estate under subdivision four of the statute of distribution, G.S. 28-149. In consequence, the petitioner is the sole next of kin, and as such is the party primarily entitled to administration. Moreover, he has made timely application to the proper Clerk, *i.e.,* the Clerk of the Superior Court of Edgecombe County, for appointment as administrator. G.S. 28-15. These things being true, the peti-

IN RE ESTATE OF EDWARDS.

tioner has an absolute legal right to receive letters of administration, unless he is disqualified. *Williams v. Neville,* 108 N.C. 559, 13 S.E. 240; *In re Bailey Will,* 141 N.C. 193, 53 S.E. 844.

The order of the clerk holds that the petitioner is not entitled to administration on the estate of his deceased father, and assigns as the reason for such holding that the petitioner is under the disqualification defined by this statutory provision: "The clerk shall not issue letters of administration . . . to any person who, at the time of appearing to qualify . . . (4) is adjudged by the clerk incompetent to discharge the duties of such trust by reason of . . . want of understanding." G.S. 28-8.

The record on this appeal discloses that the supposed factual foundation underlying the order, *i.e.,* that the petitioner is incompetent to discharge the duties of an administrator by reason of want of understanding, is not supported by evidence received by the clerk in open court. Indeed, the record shows that the conclusion of the clerk as to the alleged incompetency of the petitioner rests upon undisclosed and unrecorded information obtained by the clerk from third persons outside of court in the absence of the petitioner and his counsel, who were not apprised of the identity of such third persons or accorded any opportunity to cross-examine or confute them.

The conduct of the proceeding by the clerk contravenes the law of the land clause embodied in Article I, Section 17, of the North Carolina Constitution, which guarantees to the litigant in every kind of judicial proceeding the right to an adequate and fair hearing before an impartial tribunal, where he may contest the claim set up against him, and be allowed to meet it on the law and the facts and show if he can that it is unfounded. *Eason v. Spence,* 232 N.C. 579, 61 S.E. 2d 608; *Surety Corp. v. Sharpe,* 232 N.C. 98, 59 S.E. 2d 593.

The order of the clerk nullifies the petitioner's constitutional right to an adequate and fair hearing, for manifestly there is no hearing in any real sense when the litigant does not know what evidence is received and considered by the court, and is not accorded any opportunity to cross-examine the witnesses against him or to offer testimony in explanation or rebuttal of that given by them. *Interstate Commerce Commission v. Louisville & N. R. Co.,* 227 U.S. 88, 57 L. Ed. 431, 33 S. Ct. 185.

For the reasons given, the order and judgment are vacated and the proceeding is remanded to the Superior Court of Edgecombe County with directions that the clerk proceed to determine the question of fact involved in the cause in a manner consistent with the petitioner's constitutional right to an adequate and fair hearing.

Error and remanded.

VALENTINE, J., took no part in the consideration or decision of this case.