IN RE ESTATE OF ISHAM LOWTHER, DECEASED.

(Filed 20 September, 1967.)

1. Executors and Administrators § 5—

The clerk of Superior Court has authority to revoke letters of administration issued by him under mistake of fact and to remove any administrator who has been guilty of default or misconduct in the execution of his office. G.S. 28-32.

2. Clerks of Court § 3—

The jurisdiction of clerks of court with reference to the administration of estates of deceased persons is altogether statutory, G.S. 2-1, and the clerk's special probate jurisdiction is separate and distinct from his general duties and jurisdiction as clerk. G.S. 1-273.

3. Same; Courts § 6—

A proceeding to remove an executor or administrator is neither a civil action nor a special proceeding, and G.S. 1-276 providing that the Superior Court acquires jurisdiction of any civil action or special proceeding begun before the clerk which is for any ground whatever sent to the Superior Court, does not apply to probate matters.

4. Executors and Administrators § 5— In absence of exception thereto, clerk's finding in probate proceedings is conclusive if supported by evidence.

Where the clerk removes an administratrix upon his finding that she was not the widow of the deceased and therefore was not entitled to appointment as a matter of right, and an appeal is taken to the Superior Court from such order, the Superior Court, even though its jurisdiction is derivative, hears the matter *de novo*, and may review the finding of the clerk provided the appellant has properly challenged the finding by specific exception, and may hear evidence and even submit the controverted fact to the jury; but where there is no exception to the finding, the Superior Court may determine only whether the finding is supported by competent evidence, and if the order is so supported the Superior Court is without authority to vacate the clerk's judgment and order a jury trial upon the issue.

5. Same; Judgments § 30—

An adjudication by the clerk that the administratrix theretofore appointed by him was not the widow of decedent is not *res judicata* in any other proceeding between the parties which respondent may be entitled to pursue.

APPEAL by petitioner from *Hubbard, Judge Presiding* in the Second Judicial District, at chambers, 27 December 1966.

This proceeding was instituted under G.S. 28-32 before the Clerk of the Superior Court to remove an administratrix.

Petitioner and his sister are the only children of Isham Lowther, who died domiciled in Washington County on 15 December 1964. Upon her representation that she was the widow of Isham Lowther,

on 21 December 1964, the clerk appointed Mary Lowther as the administratrix of his estate. On 29 December 1965, petitioners filed a motion to remove Mary Lowther as administratrix for the following reasons: (1) She was never lawfully married to Isham Lowther; (2) She has sold and disposed of the personal property belonging to the estate; and (3) She had filed no inventory of the assets of the estate nor made any accounting of her transactions as administratrix.

Because of the illness and subsequent death of the attorney for the administratrix, the motion to remove her was not immediately heard. On 19 September 1966, Mary Lowther filed a "reply and affidavit" to the petition, in which she averred, *inter alia,* that in March 1944 she was married to Isham Lowther in Chowan County "by a duly ordained minister of the gospel" and "that she did see a marriage license"; that she had lived with Isham Lowther in Washington County as his wife from that day until his death — over twenty years. She also asserted that she had qualified as administratrix at the request of the petitioner and his sister, who are the children of Isham Lowther by a former marriage; that she had filed her inventory and had properly distributed the personal estate.

On 23 September 1966, the Clerk of the Superior Court heard the motion to remove the administratrix. Petitioner offered evidence tending to show: The records in the offices of the Register of Deeds of Chowan County and Washington County revealed no record of any marriage between Isham Lowther and Mary Lowther. Mary Lowther had, on several occasions, stated to petitioners "that she had not married their father but was simply living with him."

Mary Lowther, although present, did not testify. The clerk, upon his finding that Mary Lowther had never married Isham Lowther, removed her as his administratrix and directed her to account to the personal representative who was thereafter to be appointed. She appealed to the judge presiding in the district. Judge Hubbard heard the matter and entered the following order:

"[T]he Court on the record finds that an issue of fact as to whether or not Mary D. Lowther is the widow of Isham Lowther arises on the pleadings; that the Clerk had authority to determine the issue since this is a probate matter, but as the issue will of necessity have to be finally determined by a jury, the Court in its discretion directs that the cause be transferred to the civil issue docket for the determination of the issue of fact by a jury.

"It Is Therefore Ordered, Adjudged and Decreed that the judgment entered herein on 23 September 1966 be, and the

same is vacated, and the cause be, and it is hereby transferred to the civil issue docket for trial."

Petitioner appealed.

*W. L. Whitley for petitioner appellant.*
*C. L. Bailey, Jr., for respondent appellee.*

SHARP, J.  The Clerk of the Superior Court has express authority under G.S. 28-32 to revoke letters of administration which were improperly issued and to remove any administrator who has been guilty of default or misconduct in the execution of his office. (For the technical distinction between revocation and removal, see 33 C.J.S. Executors and Administrators § 84b (1942).) When, upon disputed facts, the clerk removes an administrator who appeals, under what circumstances and to what extent does the judge review the clerk's findings of fact? The state of our decisions requires an examination of the history of the clerk's authority as judge of probate and an analysis of the cases in order to answer the question posed by this appeal.

In the absence of a constitutional or statutory requirement providing for a jury trial, probate proceedings are heard by the court without the intervention of a jury, "since the constitutional guaranty is limited to the right of trial by jury as it existed prior to the adoption of the Constitution and the right never existed in such matters which belonged historically to the ecclesiastical jurisdiction." 31 Am. Jur. Jury § 30 (1958). "Probate courts, having always proceeded without the intervention of a jury, are not within the application of the constitutional provisions relating to the right of jury trial. . . . [T]he right exists only as to the matters specified by statute." 50 C.J.S. Juries § 13 (1947).

The Constitution of 1868, art. IV, § 17, gave the clerks of the Superior Court general probate jurisdiction and directed that "all issues of fact joined before them shall be transferred to the Superior Courts for trial, and appeals shall lie to the Superior Courts from their judgments in all matters of law." This constitutional provision was incorporated as § 490 in the Code of Civil Procedure of 1868 as compiled by Barringer, Rodman, and Tourgee. With reference to § 490, in *Rowland v. Thompson,* 64 N.C. 714, 716, 718 (1870), the Court said:

> "An issue of fact is one made by the pleadings, and no other; it does not include every question of fact which may collaterally come before the Probate Judge in the course of taking an account. *Heilig v. Stokes,* 63 N.C. 612. For example, if in answer

to a complaint against a guardian, the defendant should deny that he had ever been guardian, or should set up a release from his ward after his coming of full age; and the plaintiff should take issue on the denial, or should reply generally to the allegation of a release, issues of fact would be joined such as are intended in the act, and which, as they can only be tried by a jury, must be transferred to the Superior Court for trial.

.　.　.

"The final decision of the Probate Judge will generally embrace the determination both of matters of fact and of matters of law, and upon an appeal both must be reviewed. The Judge may decide on the questions of fact, as well as of law, without the aid of a jury; but it may be that some of the questions of fact are so important and difficult that he may be unwilling to do so. In such a case we think it would be within his power, as it formerly was in that of a Judge in equity, to make up issues of fact and submit them to a jury."

The Constitutional Convention of 1875 struck out § 17 of art. IV. *In re Estate of Styers,* 202 N.C. 715, 164 S.E. 123; *Brittain v. Mull,* 91 N.C. 498 (1884). Since then the jurisdiction of the clerks of the Superior Courts with reference to the administration of estates of deceased persons has been altogether statutory. *In re Estate of Wright* and *Wright v. Ball,* 200 N.C. 620, 158 S.E. 192. Section 102 of N. C. Code of 1883 — now G.S. 2-1 — abolished the office of probate judge and transferred the duties which the clerks had previously performed as judges of probate to them as clerks of the Superior Court. *Brittain v. Mull, supra.* In the exercise of his probate jurisdiction, however, the clerk is now authorized to sign his orders and judgments "Clerk Superior Court, Ex Officio Judge of Probate." N. C. Sess. Laws 1951, ch. 158.

Although the office of probate judge was abolished, the special probate powers and duties of the clerk continued distinct and separate from their general duties as clerk of the courts to which they belong. *In re Estate of Pitchi,* 231 N.C. 485, 57 S.E. 2d 649; *Moses v. Moses,* 204 N.C. 657, 169 S.E. 273; *In re Estate of Styers, supra; Edwards v. Cobb,* 95 N.C. 4. "[B]ut," as Merriman, J., said in *Brittain v. Mull, supra,* "in respect to their jurisdictional functions, they are in convenient relation to their respective courts." In laying down the rules of procedure in probate proceedings, he said:

"The purpose of the statute (Code of 1883, § 102) seems to be to charge such clerks with such special jurisdictional authority, in order to avoid a multiplicity of officers, and facilitate the decisions of questions of law arising in matters before them,

by a judge of the superior court, and *the trial of issues of fact so arising,* under the supervision of such judge, and as well to economize in respect to time and costs. . . . and sec. 116 (Code of 1883) prescribes how issues of fact raised in matters so before the clerk shall be tried in term time, and questions of law so decided by the clerk and excepted to, shall be decided by the judge in or out of term time.

"If issues of fact are joined before the clerk in such matters, these and the pleadings upon which they arise must be *transferred* (sec. 116,) to the superior court, that is, to another jurisdiction, in such respect to be there tried. And when the issues are so tried, the court remands the same and the pleadings or papers with the findings of the jury upon them, and the clerk will then proceed with the matter according to law. This provision has reference to issues of fact." *Brittain v. Mull, supra* at 500-01. (Emphasis added.)

The provisions of § 116 of the Code of 1883 are now contained in G.S. 1-174 and G.S. 1-272.

G.S. 1-174 provides: "All issues of fact joined before the clerk shall be transferred to the superior court for trial at the next succeeding term, and in case of such transfer neither party is required to give an undertaking for costs."

G.S. 1-272 provides:

"Appeals lie to the judge of the superior court having jurisdiction, either in term time or vacation, from judgments of the clerk of the superior court in all matters of law or legal inference. In case of such transfer or appeal neither party need give an undertaking for costs; and the clerk shall transmit, on the transfer or appeal, to the superior court, or to the judge thereof, the pleadings, or other papers, on which the issues of fact or of law arise. An appeal must be taken within ten days after the entry of the order or judgment of the clerk upon due notice in writing to be served on the appellee and a copy of which shall be filed with the clerk of the superior court. But an appeal can only be taken by a party aggrieved, who appeared and moved for, or opposed, the order or judgment appealed from, or who, being entitled to be heard thereon, had no opportunity of being heard, which fact may be shown by affidavit or other proof."

In *Brittain v. Mull, supra,* it was pointed out that Code § 116 applied to the clerk's probate jurisdiction, which is separate and distinct from his general duties as clerk, and that Code § 256 (now G.S. 1-273) applied to the transfer of cases to the civil issue docket

"in the same court and jurisdiction — not to the superior court, another jurisdiction. . . ." *Id.* at 503.

In authorizing the clerk to remove executors and administrators for cause, G.S. 28-32 does not specifically direct the manner in which the facts shall be ascertained, "but it plainly implies that he shall act promptly and summarily," and, pending any litigation in that respect, he has power to make all necessary and interlocutory orders for the protection of the estate. *Edwards v. Cobb, supra.*

In *Murrill v. Sandlin*, 86 N.C. 54 (1882), a proceeding to remove an administrator, the Court said:

> "It is . . . incumbent on the Probate Judge to make the inquiry, and ascertain for himself the facts upon which the legal discretion reposed in him to remove an incompetent or unfaithful officer is to be exercised. The original authority to act is delegated to him alone, and he may require the whole issue made between the parties, or any specific question of fact, to be tried by a jury, under the supervision of the Judge of the Superior Court. When these have been determined by the jury, the Probate Judge, with such supplemental findings of fact by himself as may be necessary, proceeds to decide the question of removal, subject to the right of either party to the contest to have the cause reheard upon appeal." *Id* at 55.

A proceeding to remove an executor or administrator "is neither a civil action nor a special proceeding." *In re Estate of Galloway,* 229 N.C. 547, 551, 50 S.E. 2d 563, 566; *In re Estate of Styers, supra; Edwards v. Cobb, supra.* See *In re Simmons,* 266 N.C. 702, 147 S.E. 2d 231. Therefore, G.S. 1-276, which provides that "[w]henever a civil action or special proceeding begun before the clerk of a superior court is for any ground whatever sent to the superior court before the judge, the judge has jurisdiction. . . ." has no application to probate matters.

> "[The purpose of a proceeding to remove an executor or administrator] is not to litigate the alleged rights and liabilities of adverse parties . . . but it is to require one who is charged by the law with special duties and trusts, for whosoever may be interested, to show cause why . . . he shall not be removed from his place or office, because of some disqualification, malfeasance, misfeasance or nonfeasance, that disqualifies or unfits him in that respect, and renders it necessary that he shall be promptly removed from it. . . .
> 
> "*Ordinarily, in such matters, issues of fact do not arise* — only questions of fact are presented, and the Clerk hears the matter before him summarily — he finds the facts from affidavits

and competent documentary evidence, and founds his orders and judgments on the same. He may, in his discretion, in some cases, direct issues of fact to be tried by a jury, and transfer them to the Superior Court to be tried, as directed by The Code, § 116, but regularly he will not. No doubt, in some cases, he ought to do so. And also, by virtue of this section, the executor or administrator, or any person interested, may appeal from the findings of fact and the judgment of the Clerk, to the Judge having jurisdiction in term time, or in vacation, *and the Judge may review the findings of fact,* if need be, and decide such questions of law as may be raised, affirm, reverse or modify the order or judgment of the Clerk, and remand the matter to him for such further action as ought to be taken. From the judgment of the Judge, an appeal would lie to this Court, and errors of law only should be assigned. The Judge in reviewing the findings of fact, might, in his discretion, direct proper issues of fact to be tried by a jury, for his better information, and in some cases it may be he ought to do so." *Edwards v. Cobb, supra* at 9-10. (Emphasis added.)

The statement that issues of fact are for the jury and questions of fact for the judge is a familiar one, but it is equivalent to defining a crime by its punishment. Whether a dispute presents an issue or a question of fact is itself a circuitous question. See McIntosh, N. C. Practice and Procedure §§ 23, 508 (1929); 31 Am. Jur. Jury § 22 (1958).

Despite the statements in *Brittain v. Mull, supra,* with reference to the trial of issues of fact in probate matters, it seems that in actual practice and in the contemplation of the courts (as indicated in *Edwards v. Cobb, supra*) issues of fact did not arise. If they did, they were nevertheless decided by the clerk, or by the judge on appeal.

In *In re Battle,* 158 N.C. 388, 74 S.E. 23, the widow of the deceased petitioned the clerk to remove his administrator, who claimed that she had renounced in his favor. The clerk, upon a finding that the widow had not renounced, entered judgment revoking his letters. On appeal, the judge found that the widow had signed a renunciation but that the manner of its procurement proved the administrator unfit to administer the estate. Upon this finding, he affirmed the clerk's judgment. The administrator appealed upon the ground that the pleadings and affidavits before the clerk raised an *issue* of fact and that the proceeding should have been transferred to the civil issue docket for trial by jury. In affirming the judgment of the lower court, Hoke, J. (later C.J.), speaking for the Court, said:

"It is well understood that our clerks of the Superior Court, on petition filed and notice duly served, in the exercise of powers conferred upon them in matters of probate, may remove an executor or administrator for good cause shown. They make such orders in the exercise of a legal discretion, which may be reviewed upon appeal. An application of this character is not regarded as being in the nature of an adversary proceeding, but a power conferred with a view of protecting the estate, and because prompt action may often be necessary to this end, a clerk is not required, on issues raised, to transfer the cause to Superior Court for a jury trial, but may and ordinarily should take definite action in the premises. The practice in such cases is very well stated in *Edwards v. Cobb*, 95 N. C., pp. 4-9." *Id.* at 390, 74 S.E. at 24.

*Mills v. McDaniel*, 161 N.C. 112, 76 S.E. 551, was a proceeding to establish the proper probate of a deed, including the privy examination of a *feme covert*. The clerk heard the matter and found that no proper probate had ever been had. The judge reversed the clerk's judgment upon a finding that the deed had been correctly and properly proven. Respondent appealed, contending that the judge had no power to review the finding of the clerk made in his probate jurisdiction. In rejecting this argument, the Court said:

"Under the law as it now exists with us, these matters of probate are chiefly referred to the clerks of the Superior Court and the judgments and rulings of these officers are on appeal very generally subject to the supervision and control of the court, either in chambers or in term. If determinative issues arise on the pleadings in a procedure where the adversary rights of litigants are ordinarily presented, such issues must be 'transferred for trial to the next succeeding term of the Superior Court' (Revisal, secs. 78, 114, 529, and 717), and if there be issues of law or material questions of fact decided, these may be reviewed by the judge at term or in chambers on appeal properly taken, and in passing upon these questions of fact the court may act on the evidence already received, or if this is not satisfactory, it may ordinarily require the production of other evidence as an aid to the proper disposition of the questions presented. With the view of promoting right decisions very large latitude is allowed in the method of procedure and the extent of the relief which may be afforded by the appellate court, a position supported by authoritative decisions and which is in accord with the policy and express provisions of our statutes on the subject." *Id.* at 114-15, 76 S.E. at 551.

In *In re Meadows,* 185 N.C. 99, 116 S.E. 257, a widow, who had qualified as administratrix of her husband's estate, petitioned the clerk to recall her letters so that she might dissent from his will. She alleged that she was "mentally disqualified from attending to the business in hand" at the time she applied for letters. The clerk, being of the opinion that her allegations of fact were not sustained, denied her petition. Upon appeal to the judge, a jury was impaneled as requested by petitioner, but pending the trial of the issue, the judge, without considering the evidence offered, held that petitioner was estopped to renounce her office. This Court reversed and directed the judge to review the action of the clerk and decide the issue of petitioner's mental capacity at the time of her qualification as executor. The Court noted that in such matters "a jury trial is not allowed as of right, but the matters in dispute are properly dealt with as questions of fact by the court before which the action is pending, or to which it may be carried by appeal." *Id.* at 101, 116 S.E. at 258. See *In re Johnson,* 182 N.C. 522, 109 S.E. 373.

*In re Martin,* 185 N.C. 472, 117 S.E. 561, involved a petition to revoke letters of administration upon the allegation that deceased was not a resident of the county at the time of his death. The clerk denied the petition and, upon appeal, the judge found the facts and affirmed the clerk. Stacy, J. (later C.J.), speaking for the Court, said:

> "The method here pursued in hearing and determining the motion of petitioners finds approval in the following cases: *In re Meadow's Will, ante,* 99; *In re Johnson,* 182 N.C. 522; *In re Battle,* 158 N.C. 388, and cases there cited.
>
> "The findings of fact made by the judge of the Superior Court, found as they were upon competent evidence, are conclusive on us, and we must base our judgment upon his findings, which amply sustain his order." *Id.* at 475, 117 S.E. at 562; *accord, In re Estate of Loflin,* 224 N.C. 230, 29 S.E. 2d 692 (petition to revoke letters because another had the prior right to administer); *In re Estate of Finlayson,* 206 N.C. 362, 173 S.E. 902 (domicile of testator disputed); *Mills v. Mc-Daniel,* 155 N.C. 249, 71 S.E. 339 (petition to correct defective probate). See *In re Bane,* 247 N.C. 562, 101 S.E. 2d 369.

It is sometimes said that, upon an appeal from an order of the clerk made in the performance of his duties as judge of probate, the jurisdiction of the judge of the Superior Court is derivative. *In re Estate of Johnson,* 232 N.C. 59, 59 S.E. 2d 223; *In re Will of Hine,* 228 N.C. 405, 45 S.E. 2d 526. We construe such derivative jurisdiction to mean, *inter alia* (1) that the Clerk of the Superior Court

has the sole power *in the first instance* to determine whether a decedent died testate or intestate, and, if he died testate, whether the paper writing offered for probate is his will, *Brissie v. Craig,* 232 N.C. 701, 62 S.E. 2d 330; (2) that "proceedings to repeal letters of administration" must be commenced before the clerk who issued them in the first instance, *Ledbetter v. Lofton,* 5 N.C. 224; *Pearce v. Lovinier,* 71 N.C. 248; *Murrill v. Sandlin, supra;* and (3) that the judge of the Superior Court has no jurisdiction to appoint or remove an administrator or a guardian, *In re Estate of Styers, supra; Moses v. Moses, supra.* In other words, jurisdiction in probate matters cannot be exercised by the judge of the Superior Court except upon appeal. *In re Will of Gulley,* 186 N.C. 78, 118 S.E. 839.

When the Superior Court, on appeal, hears a matter committed to the exclusive original jurisdiction of a justice of the peace, *Howard v. Insurance Co.,* 125 N.C. 49, 34 S.E. 199, or upon a warrant issued by an inferior court having jurisdiction of the criminal offense charged, *State v. Evans,* 262 N.C. 492, 137 S.E. 2d 811, its jurisdiction is also derivative. Nevertheless, it hears the matter *de novo.* To say that the Superior Court has jurisdiction to hear a probate matter only upon an appeal from a final judgment entered below does not mean that the judge can review the record only to ascertain whether there have been errors of law. He also reviews any findings of fact which the appellant has properly challenged by specific exceptions.

Until the decision in *In re Sams,* 236 N.C. 228, 72 S.E. 2d 421 (1952), the procedure for determining disputed facts appears to have been as laid down by Merriman, J., in *Edwards v. Cobb, supra,* and by Hoke, J. (later C.J.), in *Mills v. McDaniel, supra,* and in *In re Battle, supra.* The facts were customarily found by the clerk and, upon appeal, were reviewed by the judge, who either affirmed, reversed, or modified them. He could act on the evidence before the clerk; he could consider — and require — other evidence. He could, in his discretion, submit issues of fact to the jury for his "better information," but if this procedure was followed in probate matters, the cases do not reveal it.

*In re Sams, supra,* was a proceeding to revoke the letters of an administrator upon allegations that he had become a nonresident and had interests antagonistic to the estate. The clerk revoked the letters. The administrator excepted to the judgment and appealed to the judge, who, after a *de novo* hearing, found facts and entered judgment "approving and affirming" the order of the clerk. The administrator then appealed to this Court, which said that his general exception to the order of the clerk carried to the judge for review

only the question whether the facts found by the clerk supported his order, and, in turn, the general exception to the judgment brought up for review the single question whether the facts found supported the judgment. Both the order and the judgment were supported by the facts found, and the judgment was affirmed. By way of dicta, the Court "noted" that the judge heard the appeal from the clerk *de novo* "rather than in his appellate capacity by review of the record as approved by numerous decisions of this Court. . . . However, there was no objection or exception to the *de novo* hearing . . . and . . . no prejudicial error has been made to appear." *Id.* at 230, 72 S.E. 2d at 422.

In support of its intimation that a *de novo* hearing on the questions of fact was not proper, the Court cited the following cases:

> "*In re Estate of Johnson,* 232 N.C. 59, 64, 59 S.E. 2d 223; *In re Will of Hine,* 228 N.C. 405, 411, 45 S.E. 2d 526; *In re Estate of Styers,* 202 N.C. 715, 164 S.E. 123; *In re Estate of Wright,* 200 N.C. 620, 158 S.E. 192; *In re Will of Gulley,* 186 N.C. 78, 118 S.E. 839; *Edwards v. Cobb,* 95 N.C. 4. See also: McIntosh, N. C. P. & P., Sections 65, 72, 696 and 701; *Rowland v. Thompson,* 64 N.C. 714; *In re Estate of Edwards,* 234 N.C. 202, 66 S.E. 2d 675; *Mills v. McDaniel,* 161 N.C. 112, 76 S.E. 551." *Id.* at 230, 72 S.E. 2d at 422.

These cases do not sustain the conclusion that, upon appeal, exceptions to the clerk's findings of fact must be overruled if the record contains any competent evidence to support them.

In *In re Simmons, supra,* the clerk removed a guardian upon findings that the guardian's interests were adverse to those of his ward and that the guardian had not maintained his ward in a suitable manner. Upon appeal, respondent demurred to the petition and moved that the court hear the cause *de novo* and take additional evidence or remand the cause to the clerk to hear additional evidence and to find additional facts. The judge, relying upon *In re Sams, supra,* ruled that his jurisdiction was derivative only and that he would hear the appeal by reviewing the record as produced by the clerk. After reviewing the record, he found that the facts supported the judgment and affirmed the clerk. Upon appeal, this Court affirmed and repeated the statement in *Sams* that the judge is confined to correcting errors of law and that the hearing is on the record and not *de novo.* This statement, in its application to the records in both *Sams* and *Simmons,* is correct because in both cases exceptions were not taken to specific findings of fact. Where no exceptions are taken to specific findings of fact, a general exception to the judgment presents only the question whether the facts found

support the conclusions of law. 1 Strong, N. C. Index, Appeal and Error § 21 (1957). Where such exceptions are properly taken to specific findings of fact, however, it remains the rule that the judge will review those findings, and either affirm, reverse, or modify them. If he deems it advisable, he may submit the issue to a jury. Obviously, he could not follow this latter course without hearing evidence.

"The office of executor, administrator, or collector is valuable, and consequently, a person is not to be deprived of it without due process of law." 2 Mordecai's Law Lectures 1309 (1916). If respondent were the widow of Isham Lowther, she would have an absolute legal right to retain the letters of administration which have been issued to her absent default or misconduct in office. G.S. 28-6(1). *In re Estate of Edwards,* 234 N.C. 202, 66 S.E. 2d 675. Upon conflicting evidence, however, the clerk found that she was never married to Lowther. Had she excepted to this finding she would have been entitled to have the judge review it. It was a crucial finding, involving a substantial right. To hold an administrator or executor is bound by the clerk's findings if there is any evidence, however slight, would, in effect deny him the right of appeal. This is not the policy of the law. Respondent, however, like the appellants in *Sams* and *Simmons,* excepted only to the entry of the clerk's order. Her appeal, therefore, carried to the judge the single question whether the clerk's finding that she had never married Isham Lowther sustained his order revoking her letters of administration on his estate. Obviously it did. In this state of the record, therefore, the judge was without authority to vacate the clerk's judgment and to order a jury trial on that issue. Had the question been properly before him, he could have, in his discretion, submitted the issue to the jury.

The judgment must be reversed and the clerk's order reinstated. The clerk's finding of fact that respondent is not the widow of Isham Lowther is, however, not *res judicata* in any other proceeding between the parties which respondent may be entitled to pursue. *Jones v. Palmer,* 215 N.C. 696, 2 S.E. 2d 850. See 1 Lee, Family Law §§ 10, 11.

Reversed.